PER CURIAM.
A jury convicted appellant of two counts of resisting arrest with violence, one count of battery on a law enforcement officer, and one count of simple battery. The trial court ordered a fifteen-year sentence rather than the recommended guideline sentence of twelve to thirty months, but provided no accompanying written statement of the reasons for departure as required by Florida Rule of Criminal Procedure Rule 3.701(d)(11). Instead, it orally gave two reasons for the ordered departure sentence. Initially, on appeal, appellant claimed that because the court failed to issue written reasons for the departure and because the reasons given orally were improper, he was entitled to have a guidelines sentence ordered. This court vacated the sentence but observed that the lower court could depart from the guidelines by written order. Robinson v. State, 541 So.2d 1261 (Fla. 3d DCA 1989).
Upon remand, the trial court resentenced appellant to the same sentence originally ordered. Once again, no written reasons were contemporaneously given to support departure, although some seven months later written reasons for departure were recorded. Based upon our inspection of the record together with the state’s confession of error, we conclude that the trial court erred by not contemporaneously reducing to writing the reasons for departure. State v. Jackson, 478 So.2d 1054 (Fla.1985); State v. Oden, 478 So.2d 51 (Fla.1985).
Accordingly, appellant’s sentence is vacated and remanded to the trial court to resentence the defendant within the established guidelines or if the guidelines are departed to support such sentence with contemporaneous written findings and reasons.
Reversed and remanded.