571 So.2d 429 (1990)
Virgil ROBINSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 75792.
Supreme Court of Florida.
November 29, 1990.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen., and Patricia Ann Ash, Asst. Atty. Gen., Miami, for respondent.
EHRLICH, Justice.
We have for review Robinson v. State, 557 So.2d 109 (Fla. 3d DCA 1990), which expressly and directly conflicts with the decision of this Court in Pope v. State, 561 So.2d 554 (Fla. 1990). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
A jury convicted Robinson of two counts of resisting arrest with violence, one count of battery on a law enforcement officer, and one count of simple battery. The trial court ordered a sixteen-year sentence rather than the recommended guideline sentence of twelve-to-thirty months, but provided no accompanying written statement of the reasons for departure as required by Florida Rule of Criminal Procedure Rule 3.701(d)(11). Instead, it orally gave two reasons for the ordered departure sentence. On appeal, the district court vacated the sentence but observed that the lower court could depart from the guidelines by written order. Robinson v. State, 541 So.2d 1261 (Fla. 3d DCA 1989).
Upon remand, the trial court resentenced Robinson to the same sentence originally ordered. Once again, no written reasons were contemporaneously given to support departure, although some seven months later written reasons for departure were recorded. Based upon inspection of the record together with the state's confession of error, the district court concluded the trial court erred by not contemporaneously reducing to writing the reasons for departure. Based upon this conclusion, the district court vacated Robinson's sentence and remanded to the trial court for resentencing. The district court gave the trial court *430 the option of resentencing Robinson within the guidelines or departing from the guidelines if such departure was supported with contemporaneous written findings and reasons.
Robinson contends that the portion of the district court's opinion which would permit the trial court to again depart from the recommended guideline sentence conflicts with the decision of this Court in Pope v. State, 561 So.2d 554 (Fla. 1990). We agree. In Pope, we held that "when an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with no possibility of departure from the guidelines." 561 So.2d at 556. See also Ferguson v. State, 566 So.2d 255 (Fla. 1990).
Accordingly, we quash that portion of the decision below which would permit the trial court to depart from the recommended guideline sentence. We remand to the district court with directions to remand to the trial court for sentencing within the guidelines.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, J., concur.