598 So.2d 1063 (1992)
Rhoda SMITH, Petitioner,
v.
STATE of Florida, Respondent.
No. 76235.
Supreme Court of Florida.
April 2, 1992.
Rehearing Denied June 16, 1992.
Bennett H. Brummer, Public Defender, and Marti A. Rothenberg, Asst. Public Defender, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen., and Monique T. Befeler, Asst. Atty. Gen., Miami, for respondent.
BARKETT, Justice.
We have for review State v. Smith, 592 So.2d 1100 (Fla. 3d DCA 1990), in which the district court certified the following as a question of great public importance:
Should Pope v. State [, 561 So.2d 554 (Fla. 1990),] be applied retrospectively to sentences imposed prior to April 26, 1990?
Smith, 592 So.2d at 1101.[1] We answer the certified question in the affirmative and quash the decision below.
On December 1, 1989, the circuit court entered into a plea colloquy with petitioner Rhoda Smith and agreed to give her a "last chance" on probation on the condition that she complete a drug rehabilitation program. *1064 Consequently, Smith agreed to plead guilty, and the court imposed sentence. The probation sentence constituted a downward departure, and, during the plea colloquy, the court directed the State to write on the scoresheet that the downward departure was based on Smith's drug dependency. The State replied that it had not yet prepared a scoresheet. The State objected to the departure sentence, but it agreed to prepare a scoresheet with the court's reason for departure as directed by the court. However, the scoresheet ultimately prepared by the State in this case did not contain the court's reason for departure. The scoresheet was not approved by either the court or defense counsel. The State appealed the sentence.
During the district court's consideration of Smith's appeal, this Court decided Pope, in which we held "that when an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with no possibility of departure from the guidelines." Pope, 561 So.2d at 556. Consequently, finding no written reason for departure in the record, the district court below reversed and remanded for resentencing pursuant to Pope, or in the alternative giving Smith the option to withdraw her plea. The court then certified the question presented here.
In Ree v. State, 565 So.2d 1329 (Fla. 1990), modified, State v. Lyles, 576 So.2d 706 (Fla. 1991), we held that trial courts must produce contemporaneous written reasons when they depart from the guidelines. Of particular significance for the disposition of this case is that on rehearing in Ree, we held, without analysis, that Ree would apply prospectively only. Id. at 1331.[2] Both Smith and the State argue that Pope should follow the same path as Ree because the rules in Pope and Ree are so closely related in subject, purpose, and application.
We are troubled by the inconsistency or lack of clarity in various decisions of this Court and others concerning the application of the prospectivity rule in this context. For example, we applied the Ree rule retrospectively to Ree himself, quashing the district court's opinion, which, among other things, had allowed a departure sentence without contemporaneous written reasons. However, we disallowed similarly situated defendants in other cases to benefit from the same rule. In State v. Williams, 576 So.2d 281 (Fla. 1991), we approved a departure sentence that had been imposed without contemporaneous written reasons because the sentence had been imposed before Ree, even though Williams' appeal was not final when Ree was issued. In Lyles, 576 So.2d at 706, we expressly held that Ree could not apply to benefit Lyles retrospectively even though Lyles' case was still on appeal when the final decision in Ree was issued.
In contradiction, and without explanation, we have treated Pope errors differently in two cases. The defendant in Pope benefitted from retrospective application in that we quashed the district court's decision that had erroneously authorized the trial court to depart from the guidelines in resentencing after no valid contemporaneous written reasons had been given to justify the original departure sentence. Likewise, we applied Pope retrospectively in Robinson v. State, 571 So.2d 429 (Fla. 1990).
The inconsistent application of retrospectivity has much precedent. As the United States Supreme Court observed, this historically has been one of the most confusing and unprincipled areas of jurisprudence. See, e.g., Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); United States v. Johnson, 457 U.S. 537, 546, 102 S.Ct. 2579, 2585, 73 L.Ed.2d 202 (1982) (quoting Desist v. United States, 394 U.S. 244, 258, 89 S.Ct. 1030, 1038, 22 L.Ed.2d 248 (1969) (Harlan, J., dissenting)) ("coalitions favoring nonretroactivity had *1065 realigned from case to case, inevitably generating a welter of `incompatible rules and inconsistent principles'").
The old common-law rule, bolstered by decisions of the Supreme Court, was to give retrospective effect to changes in decisional law subject to certain limited exceptions. Johnson, 457 U.S. at 542, 102 S.Ct. at 2582. In Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), the Court adopted a policy directing courts to "weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Id. at 629, 85 S.Ct. at 1738. Significantly, the decision in Linkletter was limited to collateral review only, holding that the new rule established in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), would not be applied retrospectively to state decisions that had become final before Mapp was decided.
However, the Court subsequently changed the Linkletter policy by applying retrospectivity on a case-by-case basis both to convictions that were final and convictions that were pending on direct review. For example, the decision in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), instructed courts to review in each instance "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." Id. at 297, 87 S.Ct. at 1970; see Griffith, 479 U.S. at 320, 107 S.Ct. at 712.
The ad hoc approach in nonfinal convictions did not work. As the Court later noted in Johnson, 457 U.S. at 544-46, 102 S.Ct. at 2583-85, case-by-case application led to a series of seemingly arbitrary decisions. In some cases a rule was held to apply retrospectively to the party litigating the claim on direct review, but not to others who were similarly situated. In other cases, the rule was applied to parties in future claims but not to the one who litigated the case where the rule was established. For example, in Lee v. Florida, 392 U.S. 378, 88 S.Ct. 2096, 20 L.Ed.2d 1166 (1968), the Court established and retrospectively applied to Lee's case a rule that evidence obtained in violation of a federal statute cannot be admitted into evidence at trial.[3] Later that same year, in Fuller v. Alaska, 393 U.S. 80, 89 S.Ct. 61, 21 L.Ed.2d 212 (1968), the Court denied to Fuller the benefit of the Lee rule by holding that Lee applies prospectively only. See Desist, 394 U.S. at 256 n. 1, 89 S.Ct. at 1038 n. 1 (Harlan, J., dissenting).
Recognizing the problem, the Court in Johnson "shifted course" again, Griffith, 479 U.S. at 321, 107 S.Ct. at 712, and adopted with one exception the principles Justice Harlan enunciated in his dissent to Desist, 394 U.S. at 256-69, 89 S.Ct. at 1038-44. The Court in Johnson held that its decisions must be given retrospective effect in all cases where convictions are not yet final, unless the decision announced a "new rule" of law that was a "clear break" with past precedent. See Johnson, 457 U.S. at 549, 102 S.Ct. at 2587; see also Griffith, 479 U.S. at 324-26, 107 S.Ct. at 714-15. However, the "clear break" exception to the Court's policy created more problems, because it had the effect of denying the benefit of a change in the law in disparate fashion. Griffith, 479 U.S. at 324-26, 107 S.Ct. at 714-15.
Thus, the Court in Griffith readdressed the problem and found that the need for fairness and equal treatment compels a bright-line rule to control the retrospective application of its criminal law decisions in nonfinal criminal cases. Giving full force to Justice Harlan's Desist dissent, the Court abandoned the "clear break" exception and held that all of its decisions applying or announcing rules of criminal law must be applied retrospectively to all cases, state or federal, that are pending on direct *1066 review or not yet final. Griffith, 479 U.S. at 328, 107 S.Ct. at 716.
The Griffith rule is consistent with many decisions of this Court. For example, in Bundy v. State, 471 So.2d 9 (Fla. 1985), cert. denied, 479 U.S. 894, 107 S.Ct. 295, 93 L.Ed.2d 269 (1986), the Court held that hypnotically refreshed testimony is per se inadmissible in criminal trials in this state. We went on to expressly conclude that the new rule would be prospective only. Nonetheless, the Court applied that rule retrospectively to Bundy's direct appeal and ruled that it would be applied retrospectively to "any conviction presently in the appeals process." Id. at 18-19; see also, e.g., Wheeler v. State, 344 So.2d 244, 245 (Fla. 1977) (reversing conviction where standard jury instruction had changed subsequent to trial because "decisional law in effect at the time an appeal is decided governs the issues raised on appeal, even when there has been a change of law since the time of trial").
We are persuaded that the principles of fairness and equal treatment underlying Griffith, which are embodied in the due process and equal protection provisions of article I, sections 9 and 16 of the Florida Constitution,[4] compel us to adopt a similar evenhanded approach to the retrospective application of the decisions of this Court with respect to all nonfinal cases. Any rule of law that substantially affects the life, liberty, or property of criminal defendants must be applied in a fair and evenhanded manner. Art. I, §§ 9, 16, Fla. Const. "[T]he integrity of judicial review requires that we apply [rule changes] to all similar cases pending on direct review." Griffith, 479 U.S. at 323, 107 S.Ct. at 713. Moreover, "selective application of new rules violates the principle of treating similarly situated defendants the same," because selective application causes "`actual inequity'" when the Court "`chooses which of many similarly situated defendants should be the chance beneficiary' of a new rule." Id. (quoting Johnson, 475 U.S. at 556 n. 16, 102 S.Ct. at 2590 n. 16). Thus, we hold that any decision of this Court announcing a new rule of law, or merely applying an established rule of law to a new or different factual situation, must be given retrospective application by the courts of this state in every case pending on direct review or not yet final. Art. I, §§ 9, 16, Fla. Const.[5] To benefit from the change in law, the defendant must have timely objected at trial if an objection was required to preserve the issue for appellate review. Accord Grossman v. State, 525 So.2d 833 (Fla. 1988), cert. denied, 489 U.S. 1071, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989).
Our decision today requires us to recede in part from Ree to the extent that we now hold that Ree shall apply to all cases not yet final when mandate issued after rehearing in Ree We recede from Lyles and Williams to the extent that they declined to apply Ree retrospectively to nonfinal cases. Likewise, we agree with the parties in the instant case that because Pope and Ree are so closely related, they ought to follow the same rule. Consequently, we answer the certified question in the affirmative and hold that Pope shall apply to all cases not yet final at the time Pope was decided.
*1067 Turning to the facts of this case, we conclude that had the trial court failed to carry out its duty to order the reason for departure committed to writing at the time of sentencing, the district court would have been correct in ordering resentencing pursuant to Pope. However, the physical process of writing the reasons in this instance was nothing more than a ministerial act at the precise direction of the court, in the nature of specific dictation. But for the State's failure to timely prepare a scoresheet and comply with the court's order, the reason for departure would have been contemporaneously written at the sentencing, and thereby valid within the meaning of Ree and Pope. Smith should not be penalized for the State's failure to carry out the court's timely and unambiguous instructions. Under these circumstances, we conclude that the district court erred by reversing and remanding for resentencing pursuant to Pope.
We emphasize that nothing in this opinion is intended to recede from the essential holding of Ree. As we stated in that opinion, fundamental principles of justice compel a court to carefully and thoroughly think through its decision when it restricts the liberty of a defendant beyond the period allowed in the sentencing guidelines. Requiring a court to write its reasons for departure at the time of sentencing reinforces the court's obligation to think through its sentencing decision, and it preserves for appellate review a full and accurate record of the sentencing decision.
For the reasons stated above, we quash the decision below and remand for proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD and KOGAN, JJ., concur.
GRIMES, J., concurs in result only with an opinion, in which HARDING, J., concurs.
GRIMES, Justice, concurring in result only.
I concur in the result of this decision, but I strongly dissent from the automatic rule of retroactivity established in this opinion.
I believe the principles of retroactivity set forth in Justice Barkett's opinion should be applied in most criminal cases. However, it is both unnecessary and inadvisable to adopt a blanket rule to this effect. There are a few instances in which the police or the courts have justifiably relied on prior case law to the extent that if a new rule is applied retroactively to all cases pending on appeal the impact on the criminal justice system is overwhelming. This is particularly true in sentencing where an objection is not ordinarily required in order to preserve a point for appeal.
Ree v. State, 565 So.2d 1329 (Fla. 1990), modified, State v. Lyles, 576 So.2d 706 (Fla. 1991), is a good example of such a case. In our original opinion we held that written reasons for departure had to be issued at the time of sentencing. Because many trial judges were under the impression that it was all right if they announced the departure reasons at sentencing and filed their written statements a few days later, the State requested on rehearing that we apply Ree prospectively. Had we not done so, hundreds of sentencings on appeal would have been needlessly reversed.
On the other hand, in Pope v. State, 561 So.2d 554 (Fla. 1990), we reversed a departure sentence because the trial judge never issued written reasons. Because this was clearly contrary to the requirements of our previous decision in State v. Jackson, 478 So.2d 1054 (Fla. 1985), abrogated on other grounds, Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), we were justified in making no reference to prospective application. Thus, I, too, would answer the certified question in the affirmative, thereby stating that Pope should be applied retroactively. This will not harm Rhoda Smith because the opinion correctly holds that her downward departure sentence was valid within the meaning of Ree and Pope due to the fact that the state attorney failed to carry out the ministerial act of putting the departure reasons in writing as directed by the judge.
*1068 By answering the certified question and upholding the departure sentence, we have fully resolved the case. Yet, the majority reaches out and announces a new rule which requires the overruling of cases that are no more than a few months old. At the very least it should only give the new rule prospective application rather than applying it to cases that have already been decided.
While the United States Supreme Court has elected to adopt a blanket rule of retroactivity, it did so in the context of constitutional rulings. The question of whether the reasons for guideline departures need to be put in writing contemporaneously with sentencing is hardly a constitutional issue. When this Court makes a clear break with prior precedent, we have an obligation to consider the impact on the criminal justice system. There are few things more unsettling to our society than instability in the law. We will be making a grave mistake to adopt a blanket rule of retroactivity. Doing so may even have the effect of making us reluctant to make changes in the law when they are appropriate.
HARDING, J., concurs.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
[2] There was no mention of prospectivity in this Court's initial decision. Ree v. State, No. 71,424 (Fla. Nov. 16, 1989). However, on rehearing in Ree, this Court subsequently withdrew its opinion and issued a superseding opinion which held that Ree applies prospectively only. Ree v. State, 565 So.2d 1329 (Fla. 1990), modified, State v. Lyles, 576 So.2d 706 (Fla. 1991).
[3] The Court analogized its decision to Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), where it established an exclusionary rule for Fourth Amendment, rather than statutory, violations.
[4] Although we cite to some federal decisions, we explicitly decide this case on state constitutional grounds.
[5] This is not inconsistent with Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), where we addressed the retrospective application of changes in criminal law to cases on collateral review. Although we have occasionally applied precedent retrospectively on collateral review, see, e.g., Bass v. State, 530 So.2d 282 (Fla. 1988), we have in numerous instances distinguished collateral cases from "pipeline" cases, i.e., those not yet final at the time the law changed, applying the change in law retrospectively only to the pipeline cases. See, e.g., Jones v. State, 569 So.2d 1234 (Fla. 1990); State v. Jones, 485 So.2d 1283 (Fla. 1986); Bundy v. State, 471 So.2d 9 (Fla. 1985), cert. denied, 479 U.S. 894, 107 S.Ct. 295, 93 L.Ed.2d 269 (1986); Gonzalez v. State, 367 So.2d 1008 (Fla. 1979). The distinction between collateral and nonfinal cases with regard to retrospectivity finds added support in Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), and United States v. Johnson, 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982).