PER CURIAM.
We have for review State v. Whipple, 592 So.2d 1101 (Fla. 3d DCA 1990), in which the Third District Court of Appeal certified the following question as one of great public importance:
SHOULD POPE V. STATE [561 So.2d 554] BE APPLIED RETROACTIVELY TO SENTENCES IMPOSED PRIOR TO APRIL 26, 1990?
We accept jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. In Smith v. State, 598 So.2d 1063 (Fla.1992), we answered this question in the affirmative.
In the instant case, the district court correctly applied Pope retroactively by finding that even though the judge orally stated the reasons for a downward departure, the trial judge failed to provide contemporaneous written reasons. The district court correctly vacated the sentence and remanded the case for resentencing. Accordingly, we uphold the decision below.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.