601 So.2d 309 (1992)
STATE of Florida, Appellant,
v.
John SALLEY, a/k/a Bernard Salley, Appellee.
No. 91-2557.
District Court of Appeal of Florida, Fourth District.
June 24, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Debra Moses Stephens, Asst. Public Defender, West Palm Beach, for appellee.
WARNER, Judge.
We affirm the downward departure of appellant's sentence.
The State contends that there was no written reason for departure, but there is in the record a court status form which shows the charges, the notation of "Barbera Plea", and the sentence imposed. It is signed by the judge. We have already held in State v. Martin, 551 So.2d 600 (Fla. 4th DCA 1989) that "Barbera decision" written on the sentencing scoresheet in the space entitled "reasons for departure" was a sufficient writing without the necessity of separate order. Given the plea colloquy in this case which reinforces the trial court's determination to downward depart in order to assure that this appellee would be put in a drug treatment program, we are not required to cull through the record to search for the reasons supporting this departure. See Pope v. State, 561 So.2d 554 (Fla. 1990). The trial court orally announced its reasons and included them in the status order containing the court's signature. We deem this a sufficient writing to satisfy Pope. See also Boynton v. State, 473 So.2d 703 (Fla. 4th DCA 1985), approved, 478 So.2d 351 (Fla. 1985), cert. denied, 475 U.S. 1029, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986).
Even if we were to find the court status order insufficient, we would still affirm based on Smith v. State, 598 So.2d 1063 (Fla. 1992). In that case the trial court had orally announced its reasons for a downward departure and directed the State to note the reasons on the sentencing scoresheet. *310 The State replied that the scoresheet had not been prepared but it agreed to prepare one and include the reason for departure. However, the scoresheet ultimately prepared did not contain the reason for departure. The scoresheet was not approved by either the court or the defendant. On these facts, the supreme court held that because the trial court delegated the ministerial act of preparing the written order on the precise directions of the court, the defendant should not be penalized for the State's failure to carry out the court's instructions. Thus, the court concluded that the district court had erred by reversing for resentencing within the guidelines pursuant to Pope.
A similar situation appears in the record here. After the trial court determined the downward departure, defense counsel told the court that she would have an appropriate order presented to the court that afternoon. No order is in the record, and there is no indication that one was submitted. Thus, just as in Smith, the trial court had exercised its discretion in sentencing and had delegated the ministerial act of preparation of the order. Appellant should not be penalized by defense counsel's failure to follow through and prepare the order. Although it was appellant's court appointed counsel who was neglectful rather than the state, we believe that Smith is still applicable.[1]
For the foregoing reasons we affirm.
ANSTEAD and FARMER, JJ., concur.
NOTES
[1] Furthermore, if the failure of defense counsel to submit the written order would be the reason for reversing and remanding for a sentence within the guidelines, we could not think of a clearer case where ineffective assistance of counsel would be so apparent on the face of the record as to give relief on direct appeal rather than in collateral proceedings. See Stewart v. State, 420 So.2d 862 (Fla. 1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366; Gregory v. State, 588 So.2d 676 (Fla. 3d DCA 1991).