PER CURIAM.
Appellant appeals the denial of post-conviction relief. He attacked several sentences as illegal and sought to vacate a guilty plea on the ground of ineffective assistance of counsel. We reverse and remand with directions.
Appellant is no longer subject to sentence for the offenses of which he was convicted in case numbers 86-7709 and 86-8373. The sentences for these offenses imposed upon revocation of probation in 1987 were greater than permissible, as they constituted departure sentences from the guidelines range and no contemporaneous, written reasons were given. The maximum lawful sentences for those offenses have long since run. See Lambert v. State, 545 So.2d 838 (Fla.1989), which we conclude under Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), should be applied retrospectively.[1]
The September 1989 sentences, entered upon revocation of probation in case numbers 87-9750, 87-9952, 87-10844, 87-10920, 87-12679, 87-13796, 87-13797, and 87-14560, were improper because they constituted multiple cell departures from the guidelines range. The impropriety was not cured by later making the sentences concurrent rather than consecutive. Appellant should be resentenced for these offenses with concurrent sentences no more than a one-cell bump from the original guidelines.
The trial court should also hold an evi-dentiary hearing to determine whether appellant voluntarily and intelligently entered *647 into the plea agreement that resulted in his twelve year sentence as a habitual offender for the burglary committed in 1989. The court should then determine whether appellant’s plea resulted from counsel’s failure to advise him of applicable law.
REVERSED AND REMANDED WITH DIRECTIONS.
GLICKSTEIN, C.J., GUNTHER and FARMER, JJ., concur.

. In concluding that Lambert should be given retrospective application on collateral review, we have not overlooked the supreme court’s distinction in Smith v. State, 598 So.2d 1063 (Fla.1992), between retrospective application on direct review and on collateral review. Id. at 1066, n. 5. We understand that under Smith retrospective application in collateral review cases should not be routine. We simply feel that the Lambert change is too substantial not to allow aggrieved prisoners to claim its provisions. See Rule 3.800(a), Fla.R.Crim.P. (court may correct illegal sentence at any time).