BOOTH, Judge,
specially concurring.
I would hold that the reasons for departure stated by the judge below, taken together, justify a departure sentence. However, as the majority correctly holds, we must reverse and remand for imposition of a guideline sentence under the Florida Supreme Court decisions, including Smith v. State, 598 So.2d 1063 (Fla.1992), and Pope v. State, 561 So.2d 554 (Fla.1990). Under these decisions, a departure sentence may only be imposed if the trial court, at the time of sentencing, reduces to writing the correct and permissible reasons for departure. Thus, even where, as here, the judge orally states permissible reasons for departure, failure to simultaneously reduce the stated reasons to written form, invalidates the departure sentence. The necessity for this rule is not apparent. I question whether the “simultaneous written” requirement furthers either the interest of justice or the fairness of the proceedings.