PER CURIAM.
We are affirming even though the trial court failed to put its reasons for deviating from the sentencing guidelines in writing the same day that sentencing took place.
At the sentencing, the trial court stated with great clarity, and emotion, its reason for departing from the guidelines:
THE COURT: I think I will and I urge the State to appeal with the hope that maybe some humanistic panel will decide that, when somebody says there is the possibility of a chance and you give the guy that chance and you tell probation to watch him like a hawk and he messes up, then the State gets more than its pound of flesh.
That is at least the reason I am articulating. I have done this and have seen it done by other Judges before I became a Judge for thirty-one years now.
If that is not a reason for the DCA to approve, then Saddam Hussein is administering justice in our society. I don’t think you ever give up hope when somebody says this kid has got a chance. If he doesn’t make it, then the hammer, the bludgeon falls.
MS. PRICE: [for defendant] Your Hon- or, may I request that you write down your reasons contemporaneous with this hearing? I believe that is the case law.
THE COURT: They don’t realize in the Appellate Courts, here I’ve got a whole courtroom full of people waiting to try to get their shot at their case, and they are in their little individual offices and they don’t realize, here is an HRS guy who has driven all the way over from Ft. Myers and they say to write it out contemporaneously.
What I will do, I will ask the Court Reporter to give me some expedited copy
*116 today. He can probably get that out, can’t you?
COURT REPORTER: Yes, sir.
The court reporter filed the requested transcript in mid-afternoon of the same day.
As set out above, Hunter’s counsel properly and expressly requested the trial court to provide a contemporaneous written order because the law requires it. However, a written order was not entered until a week later. This court, and, more importantly, the Florida Supreme Court, have concluded under similar circumstances that a downward departure sentence should not be overturned. See Smith v. State, 598 So.2d 1063 (Fla.1992); State v. Salley, 601 So.2d 309 (Fla. 4th DCA 1992); State v. Hunter, 606 So.2d 499 (Fla. 4th DCA 1992). The defendant was obviously relying on the trial court to enter the required order and he should not be penalized when the order is not timely filed.
On the merits, the facts of this case are virtually identical to those involved in State v. Morales, 522 So.2d 464 (Fla. 4th DCA 1988), which approved a downward departure sentence predicated upon the defendant’s young age, 19 at the time of sentencing, and prospects for rehabilitation as demonstrated in the record. Judge Downey, writing for the court, noted:
At the sentencing hearing, the trial judge reviewed appellant’s juvenile record, which was not exactly exemplary, and concluded that his conduct for the immediate past year and one-half was quite promising from a rehabilitation standpoint. Furthermore, the presen-tence investigation report furnished to the court supported such a determination and recommended a more substantial downward departure than the trial judge imposed. Thus, the court concluded that appellant’s chance of rehabilitating himself was enhanced by incarceration in the county jail rather than in the state prison system.
Given the fact that a trial judge has the authority to depart downward as well as upward from the guidelines presumptive sentence for clear and convincing reasons, such as the age of the defendant,[1] we believe the record herein does support the trial judge’s conclusion.
Accordingly, the sentence appealed from is affirmed.
Id. at 465. The only difference in this case is that Christopher Hunter was 18 at the time of sentencing, a factor obviously weighing in his favor. Accordingly, we affirm the trial court.
AFFIRMED.
ANSTEAD, GUNTHER and STONE, JJ., concur.

 State v. Weston, 510 So.2d 1001, 1003 n. 3 (Fla. 3d DCA 1987); State v. D’Alexander, 496 So.2d 1007 (Fla. 2d DCA 1986); State v. Rodriguez, 496 So.2d 240 (Fla. 3d DCA 1986); State v. Mihocik, 480 So.2d 711 (Fla. 5th DCA 1986).