639 So.2d 28 (1994)
Hazel JONES, Petitioner,
v.
STATE of Florida, Respondent.
No. 81881.
Supreme Court of Florida.
July 7, 1994.
*29 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, 15th Judicial Circuit, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Sr. Asst. Atty. Gen., Bureau Chief, and Michelle A. Konig, Asst. Atty. Gen., West Palm Beach, for respondent.
SHAW, Justice.
The Fourth District Court of Appeal has certified the following question as one of great public importance:
DOES Pope v. State, 561 So.2d 554 (Fla. 1990), REQUIRE BELOW GUIDELINES DEPARTURE SENTENCES WITHOUT CONTEMPORANEOUS WRITTEN REASONS, WHERE THE DEFENDANT IS WITHOUT FAULT IN THE SENTENCING PROCESS, TO BE REVERSED FOR RESENTENCING WITHIN THE GUIDELINES?
State v. Jones, 625 So.2d 1224, 1226 (Fla. 4th DCA 1993). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the affirmative.
The facts, as found by the district court, are as follows:
In October 1991, defendant was before the court for sentencing on charges relating to worthless checks. One set of possible charges from the events that had led to her arrest was being held by the State in order to have the FBI do a handwriting analysis. But for the state's unreadiness to proceed on them, the October 1991 sentencing would have included these charges; and the additional counts would have resulted in a contemporaneous sentence with the 5-year prison sentence she was given then.
Several months later, in May 1992 to be exact, the state proceeded on the additional charges (grand theft and obtaining property by worthless check), and the defendant agreed to plead no contest. As it had happened by then, however, defendant had already been released from state prison on the 5-years incarceration and was serving the balance of her sentence on "controlled release." Her guidelines scoresheet for these additional charges now, of course, reflected the 1991 convictions and showed a permitted sentence range of 9-22 years.
The trial judge expressly found that if these additional charges had been processed in the normal course of events, they would also have been disposed of at the October 1991 plea and sentencing, and any sentence he would then have imposed would have been concurrent with the 5-year sentence given. Accordingly, he sentenced her to 1-year probation to run concurrent with her controlled release. Unfortunately, even though all of this appears without contradiction from the records and transcript of the sentencing hearing, none of it is stated on the sentencing order.
Jones, 625 So.2d at 1225. The district court, citing Pope v. State, 561 So.2d 554 (Fla. 1990), reversed the trial court and held that Ms. Jones must be resentenced within the guidelines or allowed to withdraw her plea of no contest. Id. at 1226. The court also expressed grave concern in sentencing Ms. Jones to a much harsher sentence solely because of an error that was "attributable to no conduct, action or inaction by the defendant" and certified the above question. Id. at 1225.
Our decision in Pope holds:
[W]hen an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with no possibility of departure from the guidelines.
561 So.2d at 556. Seeing no reason to deviate from our previous decision, we hereby answer the certified question in the affirmative and reiterate that under Pope v. State, 561 So.2d 554 (Fla. 1990), sentencing departures which lack contemporaneous written reasons for the departure must be remanded for resentencing within the guidelines. The defendant's fault, or lack of fault, in the sentencing process has no bearing on the Pope requirement. Our resolution of the certified question does not depart from Smith v. State, 598 So.2d 1063 (Fla. 1992), in which we held that a departure sentence was valid when at the time of sentencing the judge stated his reasons for a departure and ordered the State to commit the reasons to writing, and the State failed to do so. The *30 facts in Smith differ entirely from those in this instance. This is not a case where the physical process of committing the reasons to writing is "nothing more than a ministerial act at the precise direction of the court, in the nature of specific dictation." 598 So.2d at 1067.
In the alternative, Ms. Jones claims that if her downward departure sentence is invalid she should be allowed to withdraw her plea of no contest.[1] We agree.
The record shows that when Ms. Jones entered her plea of no contest the following conversation ensued between the judge and her:
THE COURT: On your plea of no contest you will be found guilty of the charge on both counts, you will be put on a year's probation each count to run concurrent, you must pay your trust fund obligation of two hundred dollars, do your community service hours and the like.
If the State appeals I'll stay the probation which means you are not on probation as long as the case is on appeal.
If the State wins the appeal you will be able to take back your no contest plea and start from scratch on this case.
Is that your understanding, ma'am?
THE DEFENDANT [Ms. Jones]: Yes, sir.
In light of the above colloquy, we conclude that Ms. Jones' plea was conditional and premised upon her option to withdraw the plea if the state appealed the sentence and won. Ms. Jones is granted thirty days from the date this decision becomes final to withdraw her plea of no contest, if she so wishes.
We approve the district court's decision and remand for proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, KOGAN and HARDING, JJ., concur.
McDONALD, Senior Justice, dissents.
NOTES
[1] Our resolution of this issue renders Ms. Jones' ineffective assistance of counsel claim moot.