660 So.2d 701 (1995)
STATE of Florida, Petitioner,
v.
Pamela Y. COLBERT, Respondent.
No. 85047.
Supreme Court of Florida.
September 21, 1995.
Robert A. Butterworth, Attorney General and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for petitioner.
O.J. Harp, III, Brooksville, for respondent.
GRIMES, Chief Justice.
We review Colbert v. State, 646 So.2d 234, 235 (Fla. 5th DCA 1994), in which the district *702 court of appeal certified the following question as one of great public importance:
IN LIGHT OF THE COURT'S RECOGNITION IN HARRIS v. STATE [645 So.2d 386] (FLA. 1994), THAT SENTENCING IS NOT A GAME IN WHICH ONE WRONG MOVE BY THE JUDGE MEANS IMMUNITY FOR THE PRISONER, IS IT STILL PER SE REVERSIBLE ERROR WHERE A TRIAL COURT ORALLY PRONOUNCES DEPARTURE REASONS AT SENTENCING BUT DOES NOT REDUCE THEM TO WRITING UNTIL FIVE BUSINESS DAYS LATER[?]
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
Pamela Y. Colbert was convicted of first-degree murder, kidnapping, and robbery. At the sentencing hearing on November 23, 1992, the trial judge announced an upward departure from the sentencing guidelines as to Colbert's kidnapping conviction. The judge orally pronounced his reasons for departure at the hearing, but did not sign the written reasons for the departure until December 1, 1992. The written reasons, which were substantially the same as the oral reasons, were filed the next day, nunc pro tunc November 23, 1992.
The district court of appeal affirmed Colbert's convictions without discussion. Colbert v. State, 646 So.2d 234 (Fla. 5th DCA 1994). However, because the trial judge did not file contemporaneous written reasons for the departure sentence, the court vacated the kidnapping sentence and remanded for resentencing pursuant to Ree v. State, 565 So.2d 1329 (Fla. 1990). Thereafter, the court granted the State's petition for rehearing for the purpose of certifying the foregoing question.
In Ree, this Court held that written reasons for departure sentences had to be provided contemporaneously with the sentencing. Subsequently, in a different context, we cited with approval a statement that sentencing should not be a game in which a wrong move by a judge means immunity for the prisoner. Harris v. State, 645 So.2d 386, 388 (Fla. 1994). The State argues that this comment mandates that we recede from Ree so as to avoid placing form over substance. We disagree.
While some may question the wisdom of Ree, we find no reason to second-guess that decision today. Our holding in Ree was the logical extension of our earlier decisions in State v. Jackson, 478 So.2d 1054 (Fla. 1985), and State v. Oden, 478 So.2d 51 (Fla. 1985). The arguments the State asserts were well understood at the time of the Ree decision. As later explained in State v. Lyles, 576 So.2d 706 (Fla. 1991), Ree was intended to address the concern that if written reasons for departure are not promptly filed, the decision to appeal might have to be made without the benefit of these reasons. There have been no intervening circumstances dictating that we should abruptly reject the position we unanimously adopted in Ree. Furthermore, section 921.0016(1)(c), Florida Statutes (1993), and Florida Rule of Criminal Procedure 3.702(d)(18) now relax the requirements of Ree for crimes committed after January 1, 1994.[1] We find no reason to overrule Ree for crimes committed prior to that date.[2]
Accordingly, we answer the certified question in the affirmative and approve the decision below.
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
WELLS, J., concurs with an opinion.
WELLS, Justice, concurring.
I write to acknowledge that I am among those to whom the majority refers as having questions as to Ree v. State, 565 So.2d 1329 (Fla. 1990). I also have serious concerns *703 about Pope v. State, 561 So.2d 554 (Fla. 1990). I do not believe the sanction of not allowing a departure from a sentencing guideline upon reversal based upon a procedural sentencing error conforms with the proper administration of justice.
However, since section 921.0016(1)(c) and rule 3.702(d)(18) now allow fifteen days in which to file the written reasons for departure, I believe to answer the certified question differently than the answer given by the majority would cause more confusion in what has been too unsettled for too long.
NOTES
[1] Section 921.0016(1)(c) and rule 3.702(d)(18) allow written reasons for departure which were orally stated at sentencing to be filed within fifteen days of sentencing. Section 921.0016 and rule 3.702 apply to sentencing for crimes committed on or after January 1, 1994.
[2] Colbert's crimes were committed before January 1, 1994.