669 So.2d 314 (1996)
STATE of Florida, Appellant,
v.
Albert PEASE, Appellee.
No. 95-74.
District Court of Appeal of Florida, First District.
March 11, 1996.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General, Tallahassee, for appellant.
Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for appellee.

ON MOTION FOR CLARIFICATION
WOLF, Judge.
Appellant and appellee seek clarification of our opinion in State v. Pease, 21 Fla.L.Weekly D263 (Fla. 1st DCA Jan. 26, 1996). We grant the motions for clarification, withdraw our prior opinion, and substitute the following revised opinion.
The state of Florida appeals from a sentence imposed after a violation of probation, alleging that the trial court erred by failing to issue contemporaneous written reasons supporting appellee's downward departure sentence. We are constrained to reverse by prior precedent established by Ree v. State, 565 So.2d 1329 (Fla.1990), and its progeny, including State v. Colbert, 660 So.2d 701 (Fla. 1995); nevertheless, we find that the result in this case is neither equitable nor just, and *315 it is inconsistent with the practical reality of life on the trial bench.[1]
Appellee was on probation for armed burglary, aggravated burglary with a deadly weapon, and resisting arrest with violence. He then committed a misdemeanor battery for which he received a one-year sentence in the Leon County Jail.
On December 13, 1994, the trial court held a hearing regarding appellee's violation of probation.[2] Appellee admitted that he had violated probation by committing the battery. During the sentencing hearing, 14 people testified on appellee's behalf. In addition, five other people submitted letters to the court, including his employer who stated he was willing to continue employing appellee. Defense counsel requested a downward departure for the violation of probation.
The state informed the court that the permitted sentence would be five to twelve years, and the guidelines recommended seven to nine years. The court noted that although the underlying offenses for the probation "bordered on heinous," the offense violating the probation was "a moment of stupidity." He also noted that appellee had no other violations, had a job to support his family, and had developed a strong support system as evidenced by the numerous witnesses who testified in his behalf. Appellee was sentenced to a one-year term for the violation of probation that would run concurrently with the sentence for the misdemeanor battery. The one-year term was followed by five years of probation.[3]
On December 13, 1994 (the same day as the hearing), the court entered a written order revoking probation and sentencing appellant. The court did not include written reasons for the departure. The state filed a timely notice of appeal on December 28, 1994.
On February 28, 1995, the trial court entered an order for downward departure from the guidelines sentence nunc pro tunc December 13, 1994. The order stated that it was "based upon the hand written draft notes made on the bench by the Court at the time of sentencing [and that] [t]he order was not typed at that time because the Court's Judicial Assistant was absent."
When a trial court sentences a defendant for a term less than the time suggested in the sentencing guidelines, it must provide written reasons contemporaneously with the sentence. Ree v. State, 565 So.2d 1329 (Fla.1990); Pope v. State, 561 So.2d 554 (Fla.1990); Schummer v. State, 657 So.2d 3 (Fla. 1st DCA 1995); State v. Howell, 572 So.2d 1009 (Fla. 1st DCA 1991). If a trial court gives its reasons in its oral pronouncement and later commits them to written form, it commits reversible error. State v. Colbert, 660 So.2d 701 (Fla.1995). In the instant case, the trial court failed to issue reasons until February 28, 1995, after the state had filed a notice of appeal. Because the court failed to issue reasons at the time of the sentencing order, the sentence is vacated, and we remand for resentencing within the guidelines.
We recognize that this opinion fails to give effect to the well-reasoned decision of the trial court, and is fundamentally unfair to appellee in this case.[4] We also recognize *316 that the supreme court has recently answered a certified question as to upward departure sentences in State v. Colbert, supra. We feel, however, we cannot ignore the plight of appellee in this situation of a downward departure. It seems inequitable that a defendant would be required to spend a greater amount of time incarcerated as a result of an inadvertent error of an officer of the state, the trial judge. We, therefore, certify the following question to be one of great public importance:
MAY A DOWNWARD DEPARTURE SENTENCE BE AFFIRMED WHERE THE TRIAL COURT ORALLY PRONOUNCED VALID REASONS FOR DEPARTURE AT THE TIME OF SENTENCING, BUT INADVERTENTLY FAILED TO ENTER CONTEMPORANEOUS WRITTEN REASONS?
VAN NORTWICK, J., concurs.
MINER, J., concurs in result only.
NOTES
[1] While we are not the first court to criticize Ree and its progeny, we feel we must do so here because of the inequitable result it causes in this case. See Justice Wells' concurring opinion in State v. Colbert, supra.
[2] Appellee committed the underlying offenses for the violation of probation prior to January 1, 1994, and therefore is not subject to the 1994 sentencing guidelines rules pursuant to 3.702, but rather 3.701(d)(11) which states:

Departures from the recommended or permitted guideline sentence should be avoided unless there are circumstances or factors that reasonably justify aggravating or mitigating the sentence. Any sentence outside the permitted guideline range must be accompanied by a written statement delineating the reasons for the departure. Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction or the instant offenses for which convictions have not been obtained.
[3] We would note that the state does not challenge the reasons stated for the downward departure, but only the fact that the written reasons were not entered at the time of the sentencing.
[4] Just as the striking of well-thought-out reasons for upward departures orally announced by a trial court would appear to be fundamentally unfair to the citizens of the state of Florida.