NORTHCUTT, Judge.
After Edilberto Colon pleaded no contest to trafficking in methamphetamine, the trial court sentenced him to two years’ community control to be followed by two years’ drug offender probation. This sentence was a downward departure from the guidelines, but the court never filed written reasons for the departure. Colon concedes that the court erred. Accordingly, we reverse and remand for sentencing within the guidelines. See Pope v. State, 561 So.2d 554 (Fla.1990).[1] Colon may be entitled to credit against his sentence for the time he served on community control pending the result in this case. See Fraser v. State, 602 So.2d 1299, 1300 (Fla.1992) (if trial court erroneously imposed a downward departure sentence and the defendant has been successfully serving community control, he may be entitled to credit against his guidelines sentence for those days served).
Reversed and remanded for resentencing.
THREADGILL, A.C.J., and QUINCE, J., concur.

. We decline Colon’s request to certify, as a question of great public importance, the question certified in State v. Pease, 669 So.2d 314 (Fla. 1st DCA), review granted, 676 So.2d 1369 (Fla.1996).