712 So.2d 374 (1997)
Albert PEASE, Petitioner,
v.
STATE of Florida, Respondent.
No. 87571.
Supreme Court of Florida.
October 9, 1997.
Rehearing Denied November 18, 1997.
Nancy Daniels, Public Defender, Glen P. Gifford, Assistant Public Defender, Second Judicial Circuit, Tallahassee, for Petitioner.
Robert A. Butterworth, Attorney General; James W. Rogers, Bureau Chief, Tallahassee Criminal Appeals, Vincent Altieri, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
We review State v. Pease, 669 So.2d 314, 316 (Fla. 1st DCA 1996), in which the court certified the following question to be of great public importance:
MAY A DOWNWARD DEPARTURE SENTENCE BE AFFIRMED WHERE THE TRIAL COURT ORALLY PRONOUNCED VALID REASONS FOR DEPARTURE AT THE TIME OF SENTENCING, BUT INADVERTENTLY FAILED TO ENTER CONTEMPORANEOUS WRITTEN REASONS?
We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution. We answer the question in the affirmative.
Pease was convicted of several offenses and sentenced to incarceration followed by probation. While on probation, he was convicted of a misdemeanor battery. At a probation revocation hearing based upon the misdemeanor, Pease did not contest the fact that he had violated his probation. However, he presented substantial testimony of his good character and behavior from friends and fellow church members who professed the belief that his misdemeanor offense was a momentary aberration. The sentencing guidelines provided for five to twelve years in the permitted sentencing range. The trial judge deviated from the guidelines and sentenced Pease to one year in the county jail, to run concurrent with the one-year sentence *375 he already had received for the battery charge, to be followed by five years' probation. Although discussed and noted, the trial judge failed to file a contemporaneous written order setting out the reasons supporting the downward departure sentence.
Subsequently, the trial judge filed an order setting forth the reasons for his imposition of the downward departure sentence. The judge noted that he was entering his order nunc pro tunc based upon handwritten draft notes made by him on the bench at the time of sentencing, which were not typed at that time because his judicial assistant was absent. The validity of the reasons is not at issue in this case.[1]
Believing itself to be constrained by prior decisions, the district court of appeal reversed the sentence based on the trial court's failure to file contemporaneous written reasons in support of the downward departure. However, the court characterized its ruling as unfair and unjust and certified the question quoted above. As noted in the opinion of the First District:
It seems inequitable that a defendant would be required to spend a greater amount of time incarcerated as a result of an inadvertent error of an officer of the state, the trial judge.

669 So.2d at 316 (emphasis supplied). Subsequently, the Fourth District has issued an opinion agreeing with this statement from Pease and certifying the same question:
[W]e agree with the First District in State v. Pease, 669 So.2d 314 (Fla. 1st DCA 1996), rev. granted, 676 So.2d 1369 (Fla. 1996), that the remedy of resentencing within the guidelines is "fundamentally unfair". It requires an offender to spend more time in prison, not because of anything done by the offender, but instead because of an inadvertent error by a state official, the sentencing judge.
State v. Thomas, 696 So.2d 1290, 1291 (Fla. 4th DCA 1997). We agree with these views of the district courts, and hold that once it is established that there were valid reasons for sentencing the defendant below the guidelines explicated at the time of sentencing, that sentence should not be affected by the unilateral mistake of "an officer of the state."
In San Martin v. State, 591 So.2d 301 (Fla. 2d DCA 1991), review denied, 598 So.2d 78 (Fla.1992), the appellate court held that the trial court had concurrent jurisdiction during the appeal to enter a nunc pro tunc order containing reasons for departure replacing an earlier order lost or misfiled by the trial court clerk. Hence, the court held that an error made by the court clerk, rather than the court as involved herein, could be corrected by the entry of a subsequent order.
In State v. Salley, 601 So.2d 309 (Fla. 4th DCA 1992), the State appealed the imposition of a downward departure sentence on grounds that there were no written reasons for the trial court's departure. Although recognizing that a written order had not been prepared to support the departure, the Fourth District nevertheless upheld the sentence on appeal, noting first that the trial court had orally announced on the record its reason for departure during the plea colloquy, and further stating that the defendant should not be penalized for the absence of a written order under facts very similar to those before us here. The district court explained:
After the trial court determined the downward departure, defense counsel told the court that she would have an appropriate order presented to the court that afternoon. No order is in the record, and there is no indication that one was submitted. Thus, just as in Smith, the trial court had exercised its discretion in sentencing and had delegated the ministerial act of preparation of the order. Appellant should not be penalized by defense counsel's failure to follow through and prepare the order. Although it was appellant's court appointed counsel who was neglectful rather than the state, we believe that Smith is still applicable. *376 601 So.2d at 310. The Fourth District followed this same rationale in State v. Hunter, 610 So.2d 115 (Fla. 4th DCA 1992), where it found that the trial court's failure to enter a written order stating its reasons for a downward departure until one week after sentencing did not warrant reversal. The court emphasized that the defendant's counsel had expressly requested the trial court to provide a contemporaneous written order, and concluded that "[t]he defendant was obviously relying on the trial court to enter the required order and he should not be penalized when the order is not timely filed." 610 So.2d at 116.
In both Salley and Hunter, the district court relied on our decision in Smith v. State, 598 So.2d 1063 (Fla.1992), which we conclude also controls the outcome here. In Smith, we quashed the Third District's decision below reversing the defendant's downward departure sentence and remanding for resentencing under the guidelines where the absence of a contemporaneous written order supporting the departure was solely the fault of the State. Id. at 1067. During the plea colloquy in which it imposed a downward departure sentence, the trial court in Smith further directed the State to write on the defendant's scoresheet that the downward departure was based on Smith's drug dependency. Although the State objected to the downward departure, it agreed to prepare a scoresheet containing the court's reason for departure as directed. However, the scoresheet ultimately prepared by the State did not contain the court's reason for departure. Id. at 1064. Under these facts, we concluded:
[T]he physical process of writing the reasons in this instance was nothing more than a ministerial act at the precise direction of the court, in the nature of specific dictation. But for the State's failure to timely prepare a scoresheet and comply with the court's order, the reason for departure would have been contemporaneously written at the sentencing, and thereby valid within the meaning of Ree and Pope. Smith should not be penalized for the State's failure to carry out the court's timely and unambiguous instructions. Under these circumstances, we conclude that the district court erred by reversing and remanding for resentencing pursuant to Pope.

We emphasize that nothing in this opinion is intended to recede from the essential holding of Ree. As we stated in that opinion, fundamental principles of justice compel a court to carefully and thoroughly think through its decision when it restricts the liberty of a defendant beyond the period allowed in the sentencing guidelines. Requiring a court to write its reasons for departure at the time of sentencing reinforces the court's obligation to think through its sentencing decision, and it preserves for appellate review a full and accurate record of the sentencing decision.
598 So.2d at 1067 (emphasis supplied). We conclude that this reasoning compels us to approve the sentence rendered herein.
In essence the defendant stands before us now as a victim of the trial court and the State's neglect. As noted by the district court, the obligation to put the reasons for the downward departure in writing rested with the State, and, in this case, the State's agent and officer, the trial court. No one disputes that the mistake here was that of the trial court, apparently due simply to neglect and inadvertence relating to the absence of a judicial assistant to complete the ministerial act of actually placing the reasons in a separate order. Similarly, an obligation to follow through with the "ministerial act" discussed in Smith also rested with the trial court, and we conclude that the trial court's failure in either instance cannot be placed at the doorstep of the helpless defendant. We recede from any prior holdings suggesting that the defendant must suffer the consequences of such a mistake despite the existence of valid reasons for the judge's downward departure sentence at the time of sentencing.[2]
*377 There is a significant difference between this situation and those situations where the State itself complains about something the State was obligated to do in order to increase a defendant's guideline's sentence, i.e., the State's obligation to see that written reasons are timely prepared and filed, if the State is going to punish the defendant more severely than the guidelines provide. Obviously, the State's mistake cannot be used as an excuse for the State's failure to do what the State itself was obligated to do.
We answer the certified question in the affirmative, quash the decision of the court below, and remand for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and SHAW and ANSTEAD, JJ., concur.
OVERTON, J., concurs with an opinion in which KOGAN, C.J., and ANSTEAD, J., concur.
GRIMES, J., dissents with an opinion in which HARDING and WELLS, JJ., concur.
WELLS, J., dissents with an opinion in which GRIMES and HARDING, JJ., concur.
OVERTON, Justice, concurring.
I fully concur in the majority opinion. I write separately to address the dissenting opinions.
In his dissent, Justice Grimes outlines a series of cases in which this Court has strictly construed the requirement that written reasons must accompany a departure sentence. I acknowledge that I personally concurred in those cases. Further, there is no question that our opinion in Jones v. State, 639 So.2d 28 (Fla.1994), held that the written reasons requirement was a two-way street that applied equally to both upward and downward departure sentences. However, we also held in Smith v. State, 598 So.2d 1063 (Fla.1992), that the failure of a court to comply with the written reasons requirement due to the fault of the state should not penalize a defendant. I now believe that my concurrence in Jones was erroneous because a defendant should not be penalized and required to serve a sentence longer than that ordered by the trial court simply because of an error that was totally beyond the defendant's control.
As pointed out by the dissent, we initially concluded that written reasons had to accompany a departure sentence to ensure an effective appellate review. In essence, the requirement of written reasons ensured that a judge would think through the reasons for increasing a defendant's sentence over the guidelines and would allow an appellate court to evaluate whether the reasons for the departure were valid. State v. Jackson, 478 So.2d 1054 (Fla.1985). In Jones, we held that the requirement applied to downward as well as upward departure sentences; however, we did so without considering whether a defendant should be disadvantaged by increased incarceration as a result of a state official's failure to carry out a duty.
In this case, no issue exists as to the validity of the reasons for the departure; the only issue involves the failure of the judge, after stating the reasons for departure in open court, to reduce the reasons to writing. I conclude that it is inappropriate to impose a longer sentence on a defendant under these circumstances.
Notably, the failure of a trial court to contemporaneously reduce the reasons for departure to writing is no longer a fatal error in either an unward or downward departure sentence. See § 921.0016(1)(c), Fla. Stat. (1995)("A written transcription of orally stated reasons for departure from the guidelines at sentencing is permissible if it is filed by the court within 7 days after the date of sentencing.").
KOGAN, C.J. and ANSTEAD, J., concur.
GRIMES, Justice, dissenting.
My quarrel with this opinion is that it ignores the precedent that this Court has consistently maintained with respect to departures from the sentencing guidelines. Rightly or wrongly, this Court has always insisted that guideline departures can only be upheld if entered in writing contemporaneously with sentencing.
*378 It was originally thought by some courts that the reason for departure could be announced orally at sentencing. Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984); Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984), quashed, 483 So.2d 404 (Fla.1985). However, writing for a unanimous court on the issue in State v. Jackson, 478 So.2d 1054 (Fla.1985), Justice Overton pointed out that both the legislature and this Court by statute and rule had clearly mandated written departure orders to assure effective appellate review. Holding that an oral recitation of the reasons for departure would not suffice, the Court adopted the rationale of then Judge Barkett in Boynton v. State, 473 So.2d 703 (Fla. 4th DCA), approved, 478 So.2d 351 (Fla.1985), where she said in part:
[T]he development of the law would best be served by requiring the precise and considered reasons which would be more likely to occur in a written statement than those tossed out orally in a dialogue at a hectic sentencing hearing.
Id. at 707.[3]
In Ree v. State, 565 So.2d 1329 (Fla.1990), we made it clear that the written reasons for departure must be issued contemporaneously with sentencing. We later clarified the concept of contemporaneous to mean that the judge could properly issue the written reasons on the same day as the sentencing so long as the oral reasons had been announced at the time the sentencing was imposed. State v. Lyles, 576 So.2d 706 (Fla.1991).[4]
Any doubt concerning our position on this issue was dispelled by the recent decision in State v. Colbert, 660 So.2d 701 (Fla.1995), in which this Court held that per se reversible error is committed where a trial judge orally pronounces departure reasons at sentencing but does not reduce them to writing until five business days later.
Moreover, this rule has been applied to both upward and downward departures. In Whipple v. State, 596 So.2d 669 (Fla.1992), we held that even though the judge orally stated the reasons for a downward departure, the failure to provide contemporaneous written reasons invalidated the departure. See also Branam v. State, 554 So.2d 512, 513 (Fla.1990) ("Unless upward or downward departures are justified by valid written reasons, a trial judge may not depart from the guidelines recommendation.").
The only Supreme Court case that is cited to support the majority's position is Smith v. State, 598 So.2d 1063 (Fla.1992). Yet, even in that case, we pointed out that had the judge failed to order the state attorney to perform the ministerial act of writing the announced reasons for the downward departure on the defendant's score sheet, the sentence would have had to be vacated. In any event, whatever weight the Smith case might otherwise have on the majority's position was repudiated in Jones v. State, 639 So.2d 28, 29 (Fla.1994). In Jones, this court addressed the following certified question:
DOES Pope v. State, 561 So.2d 554 (Fla. 1990), REQUIRE BELOW GUIDELINES DEPARTURE SENTENCES WITHOUT CONTEMPORANEOUS WRITTEN REASONS, WHERE THE DEFENDANT IS WITHOUT FAULT IN THE SENTENCING PROCESS TO BE REVERSED FOR RESENTENCING WITHIN THE GUIDELINES?
We answered the question in the following manner:
Our decision in Pope holds:
[W]hen an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with no possibility of departure from the guidelines. *379 561 So.2d at 556. Seeing no reason to deviate from our previous decision, we hereby answer the certified question in the affirmative and reiterate that under Pope v. State, 561 So.2d 554 (Fla.1990), sentencing departures which lack contemporaneous written reasons for the departure must be remanded for sentencing within the guidelines. The defendant's fault, or lack of fault, in the sentencing process has no bearing on the Pope requirement. Our resolution of the certified question does not depart from Smith v. State, 598 So.2d 1063 (Fla.1992), in which we held that a departure sentence was valid when at the time of sentencing the judge stated his reasons for a departure and ordered the State to commit the reasons to writing, and the State failed to do so. The facts in Smith differ entirely from those in this instance. This is not a case where the physical process of committing the reasons to writing is "nothing more than a ministerial act at the precise direction of the court, in the nature of specific dictation." 598 So.2d at 1067.
Jones, 639 So.2d at 29-30.
The old adage that hard cases make bad law rings true. Presumably, because judges are "officers of the state," the failure to issue written reasons for downward departure sentences will henceforth always be excused. Unless this Court is willing to forthrightly recede from all those cases which have strictly adhered to the requirement for contemporaneously issued written reasons for either an upward or downward departure, I must respectfully dissent.
HARDING and WELLS, JJ., concur.
WELLS, Justice, dissenting.
I join in Justice Grimes' dissent and write to point out additional unresolved questions caused by the majority's broad opinion.
First, the majority appears to honor the trial judge's order entered after the notice of appeal had been filed but does not address the trial judge's jurisdictional basis to enter the written reasons for departure. At the time the trial judge entered the reasons for the downward departure, the appellate court had exclusive jurisdiction with respect to the subject matter of the appeal, and the trial judge lacked jurisdiction to take further action on the matter. Domberg v. State, 661 So.2d 285 (Fla.1995). Is the majority's decision changing the long-standing jurisdictional rule? Is the majority receding from Domberg?
In State v. Lyles, 576 So.2d 706, 708-09 (Fla.1991), Justice Overton wrote that the justification for this Court's holding in Ree v. State, 565 So.2d 1329 (Fla.1990), was that the written reasons for departure had to be entered before the appeal could be filed and the time for appeal begins to run on the date the sentencing judgment is filed. Is this no longer the reason for the contemporaneous-order rule? Does the Smith v. State, 598 So.2d 1063 (Fla.1992), rule of retroactivity apply? I believe the majority should expressly address this question because of the history of continuing debate on this issue.
Is the majority holding that the fifteen-day rule in Florida Rule of Criminal Procedure 3.702(d)(18)(A) (1994) does not apply to downward departures? What does the majority intend by its broad statement, "We recede from any prior holdings suggesting that the defendant must suffer the consequences of such a mistake despite the existence of valid reasons for the judge's downward departure sentence at the time of sentencing."? Majority op. at 376. Does an order setting out written reasons have to be amended by the trial judge; or is it sufficient that reasons for the downward departure be stated by the trial judge during sentencing; or is it sufficient only that valid reasons exist even if not orally stated by the trial judge? I am concerned that this sudden change of legal direction will require trial judges and district courts to expend substantial judicial labor to develop answers.
Moreover, the majority's decision is obviously not even-handed. Since I have been on the Court, I have dissented from the setting aside of death sentences as a sanction for trial judges not contemporaneously entering sentencing orders. Layman v. State, 652 So.2d 373, 376 (Fla.1995) (Wells, J., dissenting). However, the majority has persisted *380 with such a court-imposed rule, which benefits defendants who are convicted of a capital offense and sentenced to death and is to the detriment of the State's legitimate interest in having appropriate sentences executed. With this decision, the Court has now developed an application of the contemporaneous-order rule so that it will only serve as a technical device to frustrate the State's legitimate interest in having enforced the upward departure sentences which are determined to be substantively appropriate by a trial judge. Clearly, if there is to be a contemporaneous-order rule, the rule should apply to both upward and downward departures because a proper justification for such a rule (so that the appellate court will understand why the trial judge makes a certain decision) applies in both directions. I believe that Florida Rule of Criminal Procedure 3.702(d)(18) (1994) has set forth a proper procedure which this Court should apply to both upward and downward departure sentences. See State v. Colbert, 660 So.2d 701, 702-03 (Fla.1995) (Wells, J., concurring).
GRIMES and HARDING, JJ., concur.
NOTES
[1] As noted in footnote 3 of the district court's opinion:

We would note that the state does not challenge the reasons stated for the downward departure, but only the fact that the written reasons were not entered at the time of the sentencing.
Pease, 669 So.2d at 315 n. 3.
[2] In Jones v. State, 639 So.2d 28 (Fla.1994), for example, we reversed a downward departure, but we did so without prejudice to the defendant to withdraw her plea, thereby providing defendant with another opportunity to secure a downward departure with appropriate written reasons.
[3] Judge Barkett's concern is fully applicable to this case. Despite the manner in which the certified question is framed, the trial judge in the instant case did not orally pronounce reasons for departure at the time of sentencing but rather simply made some comments during the course of the lawyers' arguments that Pease had a strong support system and that this was his first probation violation.
[4] Florida Rule of Criminal Procedure 3.702(d)(18)(A) has now been amended to authorize the filing of written reasons for departure within fifteen days of sentencing if the reason has been announced orally at sentencing. In the instant case, the written reasons were filed two months and seventeen days after sentencing and after the notice of appeal had been filed.