ORFINGER, J.
Scott L. Polewarzyk appeals the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
Polewarzyk entered a guilty plea to burglary of a dwelling and grand theft. Under the terms of the written plea agreement, Polewarzyk was sentenced to fifteen years in prison as a prison releasee reof-fender (PRR)[1] and a concurrent term of five years in prison for grand theft. Pole-warzyk’s main claim is that the structure he burglarized did not qualify as a dwelling as defined by section 810.011, Florida Statutes (2006), and as a result, there was no factual basis to support his plea. More specifically, Polewarzyk contends that be *251 cause the house he burglarized was uninhabitable, although it may have at one time qualified as a dwelling under the statute, it did not at the time of the burglary. If true, Polewarzyk might be entitled to relief. See Munoz v. State, 937 So.2d 686 (Fla. 2d DCA 2006) (holding that house under construction did not qualify as “dwelling,” and thus, evidence was insufficient to sustain conviction for burglary of dwelling).
The trial court summarily denied this claim, concluding that it was one that could have been raised on appeal and was waived by the entry of a guilty plea. While we have no quarrel with that logic, the Florida Supreme Court recently ruled that a defendant who files a legally insufficient postconviction motion should be given at least one opportunity to correct the deficiency, unless it is apparent that the defect cannot be corrected. See Spera v. State, 971 So.2d 754 (Fla.2007). Although Polewarzyk’s motion was denied prior to the issuance of Spera, this matter was in the appellate “pipeline” when Spera was decided. Therefore, Spera applies. See Smith v. State, 598 So.2d 1063, 1066 (Fla.1992). We believe that Polewarzyk’s claim would be more properly framed as one alleging ineffective assistance of counsel and, on remand, Polewarzyk should be given an opportunity to amend. See Spera, 971 So.2d 754.
Polewarzyk also claims that the trial court improperly utilized hearsay evidence, ie., a letter under seal from the Department of Corrections (DOC) and an attached computer printout, to confirm his release date and help determine his status as a prison releasee reoffender. This issue is more appropriately raised on direct appeal, if it was preserved. See, e.g., Montana v. State, 597 So.2d 334 (Fla. 1st DCA 1992) (holding that allegations of erroneous admission of hearsay could have been raised on defendant’s direct appeal and were improperly raised in rule 3.850 motion). Still, in light of Spera, Polewarzyk should have an opportunity to amend this claim, as it may be more appropriately raised as an ineffective assistance of counsel claim, if it was not preserved. While we cannot determine whether Polewarzyk would be entitled to relief on the record available to us, we do note that in Yisrael v. State, 33 Fla. L. Weekly S131, — So.2d -, 2008 WL 450398 (Fla. Feb. 21, 2008), the supreme court held that Crime and Time Reports issued by the DOC, which are properly authenticated as public or business records, may be utilized to establish a defendant’s release date, while un-certified letters from the DOC may not.
For the reasons stated, we reverse the trial court’s summary denial of Polewar-zyk’s postconviction motion.[2]
REVERSED AND REMANDED.
SAWAYA and LAWSON, JJ., concur.

. § 775.082(9), Fla. Stat. (2003).

. Due to the unusual procedural posture of this case, we provide the parties and the trial court with guidance as to how to proceed on remand. Polewarzyk did not timely file a direct appeal of his original conviction and sentence. After filing his rule 3.850 motion and the trial court's ruling thereon, Polewar-zyk filed a petition seeking a belated appeal with this Court, i.e., Case No. 5D07-3927, which was recently granted. Accordingly, Polewarzyk now has a direct appeal pending with this Court, i.e., Case No. 5D08-39, which must first be resolved before the trial court proceeds with reconsideration of Polewar-zyk’s postconviction motion.