GUNTHER, Judge.
William Dana Johnson appeals his sentence of 17 years contending that the trial court erred in the upward departure from the guidelines sentence of 5⅛⅛ to 7 years.
Appellant correctly contends that the trial court erred in failing to reduce to writing its reasons for the upward departure from the sentencing guidelines. A trial court has two options when finding a departure is warranted. “[T]he trial court can impose a departure sentence by writing out its findings at the time sentence is imposed, while still on the bench.... [If] further reflection is required to determine the propriety or extent of departure, the trial court may separate the sentencing hearing from the actual imposition of sentence.” Ree v. State, 565 So.2d 1329 (Fla.1990). In the instant case, the trial court did not exercise either option.
Pursuant to the supreme court’s decision in Pope v. State, 561 So.2d 554, 556 (Fla.1990), “when an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with no possibility of departure from the guidelines.”
Accordingly, we reverse and remand with directions to resentence the defendant within the guidelines.
REVERSED AND REMANDED FOR RESENTENCING.
DOWNEY and DELL, JJ., concur.