575 So.2d 306 (1991)
Genero Muniz VARA, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02765.
District Court of Appeal of Florida, Second District.
February 27, 1991.
*307 James Marion Moorman, Public Defender, Bartow, and Wendy E. Friedberg, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Genero Vara appeals upward departure sentences imposed against him on resentencing for second-degree murder. We reverse and remand for sentencing within the guidelines.
This is the second occasion Vara has been before this court on a sentencing issue. In Vara v. State, 546 So.2d 1071 (Fla. 2d DCA), review denied, 554 So.2d 1169 (Fla. 1989), this court affirmed Vara's conviction, vacated his sentence, and remanded the case "[f]or entry of a written departure order delineating ... three valid departure reasons if it so chooses."
In this appeal, Vara challenges the trial court's submission of written reasons for the departure on resentencing after the notice of this appeal was filed. The relevant dates are:
August 19, 1989  Vara resentenced outside of the sentencing guidelines
September 25, 1989  Notice of appeal filed
October 4, 1989  Written reasons for upward departure filed
We conclude that at the time the departure reasons were filed the notice of appeal had vested jurisdiction in this court, and the trial court was without jurisdiction over the case. See Hawryluk v. State, 543 So.2d 1318 (Fla. 5th DCA 1989). Because the written reasons which were entered for exceeding the guidelines cannot be considered by this court, in the absence of written departure grounds, Pope v. State, 561 So.2d 554 (Fla. 1990) requires this court to remand this case for resentencing within the sentencing guidelines. See also Day v. State, 573 So.2d 1022 (Fla. 2d DCA 1991); Johnson v. State, 566 So.2d 609 (Fla. 4th DCA 1990).
Reversed and remanded for resentencing within the sentencing guidelines.
SCHEB, A.C.J., and THREADGILL, J., concur.