591 So.2d 301 (1991)
Louis SAN MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02725.
District Court of Appeal of Florida, Second District.
December 20, 1991.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
*302 PER CURIAM.
Appellant challenges his guidelines departure sentence entered after this court remanded the case for resentencing. San-Martin v. State, 562 So.2d 776 (Fla. 2d DCA 1990). On September 5, 1990, the trial court resentenced the appellant and again departed for the one valid reason discussed in our prior opinion. Although a copy of the order stating the valid reason for departure was not in the record when this appeal was filed, we affirm this departure sentence.
The amended sentence reflects that the court departed from the guidelines and filed an order in connection with that decision. The case progress notes confirm that the order was filed on September 6, 1990. The transcript of the resentencing, of course, contains a discussion of the decision to depart. Nevertheless, the order specifying the valid reason was not in the record on appeal when the parties began this appeal.
Without an order remanding jurisdiction from this court, the trial court entered a nunc pro tunc order explaining the ground for departure on June 7, 1991. The order recites that the trial court had prepared the earlier order and that it must have been lost or misplaced by the clerk of the court.
The appellant argues that the trial court had no jurisdiction to enter the new order and that a departure sentence is now forbidden under the requirements of contemporaneity described in Ree v. State, 565 So.2d 1329 (Fla. 1990). We disagree.
We find this set of facts to be distinguishable from those in Vara v. State, 575 So.2d 306 (Fla. 2d DCA 1991). In Vara, the court failed to prepare an order of departure until after the defendant was sentenced and the notice of appeal had been filed. In this case, the court contemporaneously prepared and filed the order with the clerk, but the order was lost. Under Florida Rule of Appellate Procedure 9.600, we conclude that the trial court had concurrent jurisdiction to prepare a replacement order. A nunc pro tunc order, which merely replaces a lost order, is a "procedural matter relating to the cause" on appeal.
Affirmed.
SCHOONOVER, C.J., and SCHEB and ALTENBERND, JJ., concur.