664 So.2d 55 (1995)
Cynthia WILCOX, Appellant,
v.
STATE of Florida, Appellee.
No. 95-421.
District Court of Appeal of Florida, Fifth District.
December 8, 1995.
James B. Gibson, Public Defender, Nancy Ryan and Erin J. O'Leary, Assistant Public Defenders, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Wilcox appeals from judgments and sentences for battery on a law enforcement officer[1] and resisting an officer with violence.[2] We affirm the convictions but reverse the two concurrent departure sentences of forty-eight months, which the trial judge imposed *56 without following the directives of the most recent guidelines rule: Fla.R.Crim.P. 3.702(18). That rule became effective January 1, 1994, and the crimes occurred on August 10, 1994.
Rule 3.702(18) provides:
(A) If a sentencing judge imposes a sentence that departs from the recommended guidelines sentence, the reasons for departure shall be orally articulated at the time sentence is imposed. Any departure sentence must be accompanied by a written statement, signed by the sentencing judge, delineating the reasons for departure. The written statement shall be filed in the court file within 15 days of the date of sentencing. A written transcription of orally stated reasons for departure articulated at the time sentence was imposed is sufficient if it is signed by the sentencing judge and filed in the court file within 15 days of the date of sentencing. The sentencing judge may also list the written reasons for departure in the space provided on the guidelines scoresheet and shall sign the scoresheet.
(B) The written statement delineating the reasons for departure shall be made a part of the record. The written statement, if it is a separate document, must accompany the guidelines scoresheet required to be provided to the Department of Corrections pursuant to subsection 921.0014(5).
While in this case the trial judge orally articulated reasons for imposing departure sentences at the sentencing hearing, he failed to comply with the balance of the new rule that requires that a written articulation (in some form) of the reasons for departure be signed by the trial judge and placed in the record, within fifteen days after the sentencing hearing. In this record there is no written statement of the reasons for departure; the transcript of the sentencing is of record but it is not signed by the trial judge, nor was it filed within fifteen days; and there are no reasons listed on the guidelines scoresheet signed by the trial judge.
This new rule relaxes the former strict requirements of Ree v. State, 565 So.2d 1329 (Fla. 1990) that written reasons for imposing a departure sentence must be filed virtually simultaneously with the oral pronouncement of sentence, and that a transcript of the trial judge's oral explanation of reasons for imposing a departure sentence is insufficient.[3] However, it does require some form of writing, and the judge's signature, and a timely filing. Once the new rule is made known to sentencing judges, it should prove far easier to comply with than Ree, and appellate courts will have less need to reverse departure sentences.
Because of the sentencing problems discussed above in this case, we have no choice but to reverse the departure sentences and remand for re-sentencing within the guidelines. Pope v. State, 561 So.2d 554 (Fla. 1990).
Convictions AFFIRMED; Sentences VACATED; REMANDED for Resentencing.
PETERSON, C.J., and THOMPSON, J., concur.
NOTES
[1] § 784.03, Fla. Stat. (1993); § 784.07, Fla. Stat. (Supp. 1994).
[2] § 843.01, Fla. Stat. (1993).
[3] See Amendments to Fla.R.Crim.P. re Sentencing Guidelines, 628 So.2d 1084 (Fla. 1993).