ON MOTION FOR REHEARING, CLARIFICATION AND CERTIFICATION

PER CURIAM.
This cause is before us on appellee’s motions for rehearing, clarification and certification. We deny the motions for rehearing and certification, but grant the motion for clarification, and, accordingly, withdraw our former opinion of April 16, 1996, and substitute the following in lieu thereof.
Athough the trial court orally pronounced four reasons supporting appellant’s upward departure sentence, its written reasons for departure were not filed within 15 days of sentencing, as required by section 921.0016(l)(c), Florida Statutes (1993), and Florida Rule of Criminal Procedure 3.702(d)(18)(A). After writing its departure reasons contemporaneously with its oral sentencing pronouncement, the court assumed that the written reasons had been placed in the court file, but the record discloses that they were erroneously included in the probation file containing the presentence investigative report, apparently due to clerical error. Despite the fact that the error in the misfiling may not have been attributable to the lower court’s actions, we are constrained to conclude that the sentence imposed must be reversed and the cause remanded for resen-tencing within the guidelines on the ground that the courts have consistently strictly construed the requirement that written reasons supporting departures be timely filed.[1] See State v. Colbert, 660 So.2d 701 (Fla.1995); Ree v. State, 565 So.2d 1329 (Fla.1990); State v. Pease, 669 So.2d 314 (Fla. 1st DCA 1996) (on motion for clarification); Hooks v. State, 656 So.2d 624 (Fla. 1st DCA 1995); Wilcox v. State, 664 So.2d 55 (Fla. 5th DCA 1995).
*369 REVERSED and REMANDED for resen-tencing.
ERVIN, WEBSTER and MICKLE, JJ., concur.

. We are cognizant that our decision appears to conflict with that rendered by the Second District in San Martin v. State, 591 So.2d 301 (Fla. 2d DCA 1991), review denied, 598 So.2d 78 (Fla.1992), which affirmed an upward departure sentence involving written reasons filed outside the 15-day period due to a clerical error. Appellee did not argue this case in its brief, but instead relied upon it for the first time in its motion for rehearing, clarification and certification. Under the circumstances, we decline to entertain that authority now. See Cartee v. Department of Health & Rehab. Servs., 354 So.2d 81 (Fla. 1st DCA 1977) (on petition for reh’g).