PER CURIAM.
We granted review of Evans v. State, 21 Fla. L. Weekly D1444, — So.2d - [1996 WL 332340] (Fla. 1st DCA June 18, 1996), based on express and direct conflict with San Martin v. State, 591 So.2d 301 (Fla. 2d DCA 1991). However, after closer examination of the two cases, we have determined that there is no express and direct conflict.[1] Jurisdiction was therefore improvidently granted and the petition for review is accordingly dismissed.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.

. Both Evans and San Martin deal with departure sentences and clerical errors involving the misplacement of orders setting forth written reasons for departure sentences. Section 921.0016(1), Florida Statutes (1993), requires that a written statement delineating the reasons for the departure be filed within fifteen days after the date of sentencing. In Evans, the order was erroneously placed in a probation file and was not filed with the clerk within fifteen days as required by the statute. In San Martin, the order was properly filed with the clerk, but was misplaced thereafter. Thus, the statute was complied with in San Martin but not in Evans.