712 So.2d 467 (1998)
Brent FLORCZAK, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0226.
District Court of Appeal of Florida, Fourth District.
July 1, 1998.
Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Brent Florczak timely appeals from his convictions of first degree murder and robbery with a deadly weapon. He was sentenced to life in prison without parole eligibility for 25 years on the murder conviction, and to a consecutive sentence of life without the possibility of parole on the robbery conviction. We affirm the conviction but reverse the sentences.
First, Florczak was sentenced as a violent habitual offender pursuant to Florida Statute § 775.084(4)(b) (1997). Because he was convicted of first degree felonies, the mandatory minimum aspect of his sentence for robbery with a deadly weapon under § 775.084(4)(b)(1) is 15 years. It, therefore, was error to specify a longer mandatory minimum in the sentence. See Gunn v. State, 641 So.2d 462, 463 (Fla. 4th DCA 1994).
Second, his murder and robbery charges stemmed from a single criminal episode. Consecutive enhanced sentences may not be imposed under § 775.084 for crimes growing out of a single criminal episode. See Jackson v. State, 659 So.2d 1060 (Fla.1995). As such, the fifteen year habitual violent offender mandatory minimum sentence on the robbery conviction is required to run concurrently with the twenty-five year mandatory minimum on the murder sentence. See Parks v. State, 701 So.2d 653 (Fla. 4th DCA 1997).
Finally, we note there is a scrivener's error on the face of the judgment of conviction. Although Florczak was acquitted of grand theft, the written judgment states otherwise. Although he did not move to correct this error below, because we are reversing his murder and robbery sentences, on remand, we instruct the sentencing court to correct the error.
In all other respects, the judgment and sentences are affirmed.
AFFIRMED in part; REVERSED in part and REMANDED for further proceedings in accordance with this opinion.
WARNER, POLEN and SHAHOOD, JJ., concur.