712 So.2d 837 (1998)
Robert McKEE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-02817.
District Court of Appeal of Florida, Second District.
July 8, 1998.
*838 George E. Tragos, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The defendant, Robert McKee, appeals his conviction for lewd and lascivious act on a child and contributing to the delinquency of a child. We affirm the conviction and remand for correction of a possible scrivener's error.
The defendant asserts that the trial court's exclusion of evidence of the defendant's rebuff of the alleged homosexual advances by one of the victims was reversible error because such evidence shows the victims' bias. See Arias v. State, 593 So.2d 260, 264 (Fla. 3d DCA 1992); see generally Jaggers v. State, 536 So.2d 321, 327 (Fla. 2d DCA 1988) (holding that evidence relevant to a witness's possible bias, prejudice, motive or intent is nearly always necessary to inform the jury of any improper motives of a prosecuting witness in determining that witness's credibility). However, the transcript of the defendant's trial establishes that the complained of evidentiary exclusion did not occur. Not only did the trial court permit this evidence, defense counsel attacked the victims' credibility on this ground during closing argument. Absent evidentiary support, we find no merit in the defendant's argument on this issue.
The defendant's second argument for reversal is the trial court's failure to read back the testimony of the victims when the jury asked the trial court to "clear up a discrepancy between" the deposition testimony and the trial testimony. The trial court, instead, instructed the jurors to "rely upon your own memory regarding the testimony of the witnesses." We find no merit in this argument as well because the defendant failed to demonstrate that the trial court abused its broad discretion in not re-reading the requested testimony to the jury. See Coleman v. State, 610 So.2d 1283, 1286 (Fla. 1992); see also Fla.R.Crim. P. 3.410.
However, the State identified a potential scrivener's error which should be addressed upon remand. The written order of probation imposes six years' probation, in conflict with the written sentence, the trial court minutes, and the sentencing guidelines, all of which reflect five years' probation. We are unable to review the trial court's oral pronouncement because the sentencing transcript is not part of our appellate record. If the trial court imposed only five years' probation, the order of probation must be corrected.
We remand for the trial court to enter a corrected order of probation if, in fact, it is in error. The defendant need not be present.
Conviction affirmed; remanded with directions.
FULMER, A.C.J., and NORTHCUTT and CASANUEVA, JJ., concur.