721 So.2d 818 (1998)
Robert CARRIDINE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1447.
District Court of Appeal of Florida, Fourth District.
December 16, 1998.
Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse Appellant's sentence because the trial court did not sign the written reasons for an upward departure. We remand for imposition of a sentence within the guidelines.
At sentencing, the court orally imposed, and announced the reasons for, an upward departure sentence. A sentencing guidelines score sheet, which included a departure checklist, was filed the day of the sentencing. The four grounds justifying departure were checked off on the checklist with an "X". However, the court inadvertently neglected to sign the checklist or the supplemental guidelines score sheet. It is not clear whether the court or counsel marked the checklist.
Appellant timely filed a motion in the trial court to correct sentencing errors, arguing that the court's failure to timely file signed written reasons for departure required the court to impose a sentence within the guidelines. At a hearing, the court characterized the failure to sign the documents as a scrivener's error, and over objection, signed the checklist nunc pro tunc to the date of the re-sentencing hearing.
Florida Rule of Criminal Procedure 3.702 requires written reasons for departure to be filed within fifteen days after sentence is entered. Section 3.702(d)(18) mandates that the written reasons be signed by the sentencing judge:
Any departure sentence must be accompanied by a written statement, signed by the sentencing judge, delineating the reasons for departure. The written statement shall be filed in the court file within 15 days of the date of sentencing. A written transcription of orally stated reasons for departure articulated at the time sentence was imposed is sufficient if it is signed by the sentencing judge and filed in the court file within 15 days of the date of sentencing. The sentencing judge may also list the written reasons for departure in the space provided on the guidelines score sheet and shall sign the score sheet.
*819 Given the clear requirement in the rules, we cannot deem this is a mere scrivener's error that can be cured in an order nunc pro tunc. See Cauble v. State, ___ So.2d ___, 1997 WL 912913, 23 Fla. L. Weekly D39 (Fla. 2d DCA Dec. 19, 1997) (reversal of upward departure sentence because the written transcript of the trial court's oral statement of its reasons for departure did not contain the court's signature); Wilcox v. State, 664 So.2d 55, 56 (Fla. 5th DCA 1995) (Rule 3.702(d)(18) "require(s) some form of writing, and the judge's signature, and a timely filing."). Nunc pro tunc orders are issued to correct clerical mistakes or memorialize a previously taken judicial act. D.M. v. State, 580 So.2d 634 (Fla. 1st DCA 1991). In State v. Wood, 700 So.2d 401 (Fla. 1st DCA 1997), the First District held that a trial court's written order reiterating the oral adjudication of guilt on the charge of indirect criminal contempt could not be given nunc pro tunc effect:
The issuance of an order nunc pro tunc is a mechanism by which the court corrects errors which are primarily clerical in nature. This instrument is not, however, available for the benefit of parties if there has been a failure to observe proper procedure. In the present case, it was the trial judge who failed to comply with the requirements in rule 3.840(f) to "sign and enter of record a judgment of guilty or not guilty" at the conclusion of the hearing. A court's incorrect action or failure to act does not warrant the entry of a nunc pro tunc decision.
Id. at 403 (citations omitted). It has also been recognized that an order providing reasons for departure from the guidelines filed nunc pro tunc to the date of sentencing does not cure a failure to provide written reasons at sentencing. See State v. Colbert, 660 So.2d 701 (Fla.1995); State v. Clary, 694 So.2d 108 (Fla. 5th DCA 1997).
In Evans v. State, 696 So.2d 368 (Fla. 1st DCA 1996), a defendant was given an upward departure sentence for which oral reasons were pronounced but no written reasons were filed within 15 days of sentencing. The court wrote departure reasons contemporaneously with its oral sentencing pronouncement, and assumed that the written reasons had been placed in the court file. However, the written reasons were erroneously included in the probation file due to clerical error. The First District recognized that
Despite the fact that the error in the misfiling may not have been attributable to the lower court's actions, we are constrained to conclude that the sentence imposed must be reversed and the cause remanded for re-sentencing within the guidelines on the ground that the courts have consistently strictly construed the requirement that written reasons supporting departure be timely filed.
Id. at 368.
The First District, in Evans, noted that its decision appeared to conflict with San Martin v. State, 591 So.2d 301 (Fla. 2d DCA 1991). In San Martin, the trial court departed from the guidelines and filed an order which contained written reasons for the departure. Although the court properly entered written reasons and properly filed these reasons, the order was subsequently lost. The trial court, therefore, entered a nunc pro tunc order re-stating the grounds for departure. The Second District held that the trial court had jurisdiction to prepare the replacement order, reasoning that "a nunc pro tunc order, which merely replaces a lost order, is a `procedural matter relating to the cause' on appeal" and was, therefore, proper.
Id. at 302.
We discern no conflict between Evans and San Martin. We note that the supreme court initially granted review of Evans based on conflict with San Martin, but then dismissed the petition for review because it found that the statute was complied with in San Martin, but not in Evans. See State v. Evans, 692 So.2d 157 (Fla.1997). In San Martin, the court actually complied with all of the requirements of rule 3.702(18), and thus a nunc pro tunc order was properly entered. Here, as in Evans, the court failed to comply with one of the procedural requirements of the rule, and nunc pro tunc treatment is not available.
We have also considered, but deem inapposite, Pease v. State, 712 So.2d 374 (Fla.1997). In Pease, the supreme court held that a downward departure sentence should be affirmed *820 where the trial court orally pronounced valid reasons for the departure at the time of sentencing, but inadvertently failed to enter contemporaneous written reasons. The court in Pease clearly recognized that its holding only applies where the court fails to enter written reasons for a downward departure because a defendant is uniquely situated.
In short, we recognize that the supreme court requires compliance with the procedural requirements of imposing an upward departure sentence. In Ree v. State, 565 So.2d 1329, 1332 (Fla.1990), the court suggested that strict adherence to these procedural requirements was justified because "a departure sentence is an extraordinary punishment that requires serious and thoughtful attention by the trial court." The strict rule of Ree was reaffirmed in State v. Colbert, 660 So.2d 701 (Fla.1995), a case where the trial judge orally pronounced his reasons for a departure sentence, but did not sign and file his written reasons until eight days after the sentencing hearing. Our supreme court reversed this departure sentence and answered a certified question in a way that indicates that "one wrong move" by the sentencing judge can be fatal to a departure sentence.
Under Article V, Section 2(a) of the Florida Constitution, the supreme court has the power to adopt rules for practice and procedure in all courts. The designation of the proper written form of a departure sentence and the method for filing it is a matter of procedure. The supreme court also has the power to set the "penalty" for the failure to follow a rule of procedure. Under the constitution, the legislature may repeal a rule of procedure by "general law enacted by two-thirds vote of the membership of each house of the legislature." See Art. V, § 2(a), Fla. Const. It is for this reason that we do not find that section 924.051, Florida Statutes (1997), impliedly modifies the strict rule applied in Colbert and Ree, so as to allow for reversal only where an appellant demonstrates that a failure to follow rule 3.702(d)(18) procedure resulted in "prejudicial error" within the meaning of section 924.051(1)(a),(3). Cf. Jordan v. State, ___ So.2d ___, 1998 WL 621355, 23 Fla. L. Weekly D2130, D2132 (Fla. 3d DCA Sept.16, 1998).
In this case, the trial judge orally pronounced the reasons for departure and caused the written reasons to be timely filed. The written reasons tracked the ruling announced in open court. The only thing missing was the judge's signature. We can understand why the trial court would conclude that this type of clerical error should be correctable; the oral pronouncement of reasons and the filing of a written order adequately ensure that the trial court is giving serious attention to the sentencing issue. However, our reading of cases from our supreme court compel us to reach this result.
We remand for imposition of a guideline sentence.
STONE, C.J., and WARNER and GROSS, JJ., concur.