725 So.2d 1205 (1999)
Reginald McKinley RICKS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-04030.
District Court of Appeal of Florida, Second District.
January 13, 1999.
PER CURIAM.
Reginald McKinley Ricks appeals the trial court's summary denial of his challenge to his sentence as a habitual offender. Ricks argues that the original sentencing court chose not to sentence him as a habitual offender even though he qualified as such, and that his original sentence exceeded the statutory maximum. He concludes that the prison term he was given upon the subsequent revocation of his probation is illegal because it also exceeds the statutory maximum for his crime.
The trial court's denial of Ricks' motion for postconviction relief is affirmed. Ricks' factual premise that the court did not sentence him originally as a habitual offender is incorrect, as reflected in the transcript of his sentencing hearing. Consequently, his conclusions concerning the legality of his sentence are also incorrect. The only error committed by the trial court is a scrivener's error in not identifying Ricks as having been sentenced as a habitual offender in the written judgment. The court's oral pronouncement *1206 controls over the written sentencing document. See A.S. v. State, 714 So.2d 1038 (Fla. 2d DCA 1998).
Accordingly, the order of the trial court denying Ricks' motion for postconviction relief is affirmed, and the case is remanded for correction of the scrivener's error on Ricks' judgment and sentence to reflect that he was sentenced on October 31, 1995, as a habitual offender in case number 95-09565.
BLUE, A.C.J., and FULMER and WHATLEY, JJ., Concur.