QUINCE, J,
concurring in part and dissenting in part.
I agree with the majority that Florida Rule of Criminal Procedure 3.111(e), Florida Rule of Criminal Procedure 3.800(b), Florida Rule of Appellate Procedure 9.020(h), Florida Rule of Appellate Procedure 9.140, and Florida Rule of Appellate Procedure 9.600 should be amended as outlined above. However, I cannot agree with the majority’s decision to amend Florida Rule of Criminal Procedure 3.800(a).
Rule 3.800(a), in one form or another, has been a part of Florida’s criminal jurisprudence since 1968; the original rule was adopted March 1,1967, to become effective on January 1,1968. The rule was originally Florida Rule of Criminal Procedure 1.800(a) and provided as follows:
(a) A court may at any time correct an illegal sentence imposed by it.
The present version of the rule contains the same language with an addition involving scoresheet calculations.[6] The bench, bar, and defendants have operated for thirty-two years under a rule which allows the filing of a motion to correct an illegal sentence at any time. The reason for the *1021 rule, that a defendant should not have to serve even one day more than his or her legal sentence, is as valid today as it was when the rule was formulated. See Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981).
The majority has posited no reason to deviate from this long-standing procedure. No good reason has been advanced to require a defendant to either wait until his or her direct appeal has concluded or follow a new procedure during the short period between the filing of the appellate briefs and the determination of the ease.The procedure suggested by the majority of relinquishing jurisdiction to file a motion would only delay the process for that limited number of cases which would fall in the category of needing immediate resolution.
For these reasons I dissent from the majority’s decision to amend rule 3.800(a) to eliminate the filing of a motion during the pendency of an appeal.
APPENDIX
Rule 3.111. Providing Counsel to Indigents
[No changes to subdivisions (a) through (d)J
(e) Withdrawal of Defense Counsel After Judgment and Sentence. The attorney of record for a defendant in a criminal proceeding shall not be relieved of any duties, nor be permitted to withdraw as counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until after:
(1) the filing of:
(A) a notice of appeal;
(B) a statement of judicial acts to be reviewed, if a transcript will require the expenditure of public funds;
(C) directions to the clerk, if necessary; and
(D) a designation of that portion of the reporter’s transcript that supports the statement of judicial acts to be reviewed, if a transcript will require expenditure of public funds; or
(2) the time has expired for filing of a notice of appeal, and no such notice has been filed.
Orders allowing withdrawal of counsel are conditional and counsel shall remain of record for the limited purpose of representing the defendant in the lower tribunal regarding any sentencing error the lower tribunal is authorized to address during the pen-dency of the direct appeal pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
Rule 3.800. Correction, Reduction, and Modification of Sentences
(a) Correction. A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline scoresheet, provided that a party may not file a motion to correct an illegal sentence pursuant to this subdivision during the time allowed for the filing of a motion pursuant to subdivision (b)(1) or during the pendency of a direct appeal.
(b) Motion to Correct Sentencing Error. A — defendant may — Se.a motion to eerreet-the- sentence-or- order of probation within- thirty days after the rendition of fee-sentence. A motion to correct any sentencing error, including an illegal sentence, may be filed as allowed by this subdivision. This subdivision shall not be applicable to those cases in which the death sentence has been imposed and direct appeal jurisdiction is in the Supreme Court pursuant to article V, section 3(b)(1) of the Florida Constitution. The motion must identify the error with specificity and provide a proposed correction. A response to the motion may be filed within 15 days either, admitting or contesting the alleged error. Motions may be filed by the State pursuant to this subdivision only if the correction of the sentencing error would benefit the defendant or to correct a scrivener’s error.
*1022 (1) Motion Prim* to Appeal. During the time allowed for the filing of a notice of appeal of a sentence, a defendant or the State may file a motion to correct a sentencing; error.
(A) This motion shall stay rendition pursuant to Florida Rule of Appellate Procedure 9.020(h).
(B) Unless the trial court determines that the motion can be resolved as a matter of law without a hearing;, it shall hold a calendar call no later than 20 days from the filing; of the motion, with notice to all parties, for the express purposes of either ruling; on the motion or determining; the need for an evidentiary hearing;. If an evi-dentiary hearing; is needed, it shall be set no more than 20 days from the date of the calendar call. Within 60 days from the filing; of the motion, the trial court shall file an order ruling; on the motion. If no order is filed within 60 days, the motion shall be deemed denied.
(2) Motion Pending Appeal. If an appeal is pending;, a defendant or the State may file in the trial court a motion to correct a sentencing error. The motion may be filed by appellate counsel and must be served before the party’s first brief is served. A notice of pending; motion to correct sentencing; error shall be filed in the appellate court, which notice shall automatically extend the time for the filing; of the brief until 10 days after the clerk of circuit court transmits the supplemental record pursuant to Florida Rule of Appellate Procedure 9.140(e)(6).
(A) The motion shall be served on the trial court and on all trial and appellate counsel of record. Unless the motion expressly states that appellate counsel will represent the mov-ant in the trial court, trial counsel will represent the movant on the motion pursuant to Florida Rule of Appellate Procedure 9.140(b)(5). If the State is the movant, trial counsel will represent the defendant unless appellate counsel for the defendant notifies trial counsel and the trial court that he or she will represent the defendant on the State’s motion.
(B) The trial court shall resolve this motion in accordance with the procedures in subdivision (b)(1)(B).
(C) Pursuant to Florida Rule of Appellate Procedure 9.140(e)(6), the clerk of circuit court shall supplement the appellate record with the motion, the order, any amended sentence, and, if designated, a transcript of any additional portion of the proceedings.
(c) Reduction and Modification. A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after such imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, then within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying cer-tiorari. This subdivision of the rule shall not, however, be applicable to those cases in which the death sentence is imposed or those cases in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.
Court Commentary
Rule 3.800(b) was substantially rewritten to accomplish the goals of the Criminal Appeal Reform Act of 1996 (Ch. 96-248, Laws of Fla.). As revised, this rule permits the filing of a motion during the *1023 initial stages of an appeal. A motion pursuant to this rule is needed only if the sentencing error has not been adequately preserved for review at an earlier time in the trial court.
The State may file a motion to correct a sentencing error pursuant to rule 3.800(b) only if the correction of that error will benefit the defendant or correct a scrivener’s error. This amendment is not intended to alter the substantive law of the State concerning whether a change to the defendant’s sentence violates the constitutional prohibition against double jeopardy. See, e.g., Cheshire v. State, 568 So.2d 908 (Fla.1990); Goene v. State, 577 So.2d 1306, 1309 (Fla.1991); Troupe v. Rowe, 283 So.2d 857, 859 (Fla.1973).
A scrivener’s error in this context describes clerical or ministerial errors in a criminal case that occur in the written sentence, judgment, or order of probation or restitution. The term scrivener’s error refers to a mistake in the written sentence that is at variance with the oral pronouncement of sentence or the record but not those errors that are the result of a judicial determination or error. See, e.g., Allen v. State, 739 So.2d 166 (Fla. 3rd DCA 1999) (correcting a “scrivener’s error” in the written order that adjudicated the appellant in contempt for “jailing polygraph exam”); Pressley v. State, 726 So.2d 403 (Fla. 2d DCA 1999) (correcting scrivener’s error in the sentencing documents that identified the defendant as a habitual offender when he was not sentenced as a habitual offender); Ricks v. State, 725 So.2d 1205 (Fla. 2d DCA 1999) (correcting scrivener’s error that resulted from the written sentence not identifying the defendant as a habitual offender although the court had orally pronounced a habitual offender sentence), review denied, 732 So.2d 328 (Fla.1999); McKee v. State, 712 So.2d 837 (Fla. 2d DCA 1998) (remanding for the trial court to determine whether a scrivener’s error occurred where the written order of probation imposed six years’ probation, which conflicted with the written sentence and the trial court minutes that reflected only five years’ probation had been imposed); Florczak v. State, 712 So.2d 467, 467 (Fla. 4th DCA 1998) (correcting a scrivener’s error in the judgment of conviction where the defendant was acquitted of grand theft but the written judgment stated otherwise); Stombaugh v. State, 704 So.2d 723, 725-26 (Fla. 5th DCA 1998) (finding a scrivener’s error occurred where the State had nol prossed a count of the information as part of plea bargain but the written sentence reflected that the defendant was sentenced under that count). But see Carridine v. State, 721 So.2d 818, 819 (Fla. 4th DCA 1998) (trial court’s failure to sign written reasons for imposing an upward departure sentence did not constitute a scrivener’s error that could be corrected nunc pro tunc by the trial court), and cases cited therein.
When a trial court .determines that an evidentiary hearing is necessary to resolve a factual issue, it is possible that the court will need to utilize the entire 60-day period authorized by this rule. However, trial courts and counsel are strongly encouraged to cooperate to resolve these motions as expeditiously as possible because they delay the appellate process. For purposes of this rule, sentencing errors include harmful errors in orders entered as a result of the sentencing process. This includes errors in orders of probation, orders of community control, cost and restitution orders, as well as errors within the sentence itself.
Rule 9.020 Definitions
[No changes to subdivisions (a) through (g)J
(h) Rendition (of an Order). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. *1024 However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, clarification, or certification; to alter or amend; for judgment notwithstanding verdict or in accordance with prior motion for directed verdict, or in arrest of judgment; to correct a sentence or order of probation pursuant to Florida Rule of Criminal Procedure 3.800(b)(1); to withdraw the plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(i); or a challenge to the verdict, the following exceptions apply:
[No changes to subdivisions (h)(1) through (h)(3).]
Rule 9.140. Appeal Proceedings in Criminal Cases
[No changes to subdivision (a).]
(b) Appeals by Defendant.
[No changes to subdivisions (b)(1) through (b)(3).]
(4) Cross-Appeal. A defendant may cross-appeal by serving a notice within 10 days of service of the state’s notice or service of an order on a motion pursuant to rule 3.800(b)(2). Review of cross-appeals before trial is limited to related issues resolved in the same order being appealed.
(5) Withdrawal of Defense Counsel after Judgment and Sentence. The attorney of record for a defendant in a criminal proceeding shall not be relieved of any professional duties, or be permitted to withdraw as counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until after
(A) the following have been completed:
(i) The notice of appeal has been filed.
(ii) The statement of judicial acts to be reviewed has been filed, if a transcript will require the expenditure of public funds.
(iii) Directions to the clerk have been filed, if necessary.
(iv) A designation of that portion of the reporter’s transcript necessary to support the statement of judicial acts to be reviewed has been filed, if a transcript will require expenditure of public funds.
(v) Substitute counsel has been obtained or appointed, or a statement has been filed with the appellate court that the appellant has exercised the right to self-representation. In publicly-funded cases, the public defender for the local circuit court shall initially be appointed until the record is transmitted to the appellate court.
Or
(B) the time has expired for the filing of notice of appeal, and no such notice has been filed. Orders allowing withdrawal of counsel are conditional and counsel shall remain of record for the limited purpose of representing the defendant in the lower tribunal regarding any sentencing error the lower tribunal is authorized to address during the pendency of the direct appeal pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
[No.change to subdivision (b)(6).]
(c) Appeals by the State.
[No change to subdivisions (c)(1) through (c)(2).]
(3) Commencement. The state shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal within 15 days of rendition of the order to be reviewed; provided that in an appeal by the state under rule 9.140(c)(l)(I), the state’s notice of cross-appeal shall be filed within 10 days of service of defendant’s notice or service of an order on a motion pursuant to rule 3.800(b)(2). Copies shall be served on the defendant and the attorney of record. An appeal by the state shall stay *1025 further proceedings in the lower tribunal only by order of the lower tribunal.
[No change to subdivision (d).]
(e) Record.
[No changes to subdivisions (e)(1) through (e)(5).]

(6) Supplemental Record for Motion to Correct Sentencing Error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).

(A) The clerk of circuit court shall automatically supplement the appellate record with any motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), any response, any resulting order, and any amended sentence. The clerk shall transmit the supplement to the appellate court within 5 days of the filing of the order ruling on the motion. If an order is not filed within 60 days from the filing of the motion, this time shall run from the expiration of the 60 day period, and the clerk shall supplement the record with the motion and a statement that no order was timely filed.
(B) If any appellate counsel determines that a transcript of a proceeding relating to such a motion is required to review the sentencing issue, appellate counsel shall, within 5 days from the transmittal of the supplement described in subdivision (A), designate those portions of the proceedings not on file deemed necessary for transcription and inclusion in the record. A copy of the designation shall be filed with the appellate court. The procedure for this supplementation shall be in accordance with Florida Rule of Appellate Procedure 9.140(e), except that counsel is not required to file a revised statement of .judicial acts to be reviewed, the court reporter shall deliver the transcript within 15 days, and the clerk shall supplement the record with the transcript within 5 days of its receipt.
Rule 9.600 Jurisdiction of Lower Tribunal Pending Review
[No change to subdivisions (a) through (c).]
(d) Criminal Cases. The lower tribunal shall retain jurisdiction to consider motions pursuant to Florida Rules of Criminal Procedure 3.800(a)(b)(2) and in conjunction with post-trial release pursuant to rule 9.140(g). -While an appeal is pending, -the-movant- under rule 3.800(a) shall within 10 days of the date of -any order granting relief-under-that rule file a copy of the order wlth-the court.

. Florida Rule of Criminal Procedure 3.800(a) presently provides:
(a) Correction. A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline scoresheet.