OPINION ON GRANT OF REHEARING
PARIENTE, J.
After the issuance of our opinion dated November 12, 1999, the State of Florida filed a motion for rehearing or clarification asking this Court to remove the limitation on the State’s right to file a motion to correct a sentencing error. In addition, it came to this Court’s attention that uncertainty existed as to whether rule 3.800(b) was intended to apply to capital cases in which a sentence of death had been imposed. We requested responses from all interested parties, including the CARA Committee, the Criminal Rules Committee and the Appellate Rules Committee.
As to the State’s motion for rehearing, our original opinion details the reasons that led this Court to adopt the amendment to rule 3.800(b). Prior to this recent amendment, only the defendant was able to file a motion to correct the sentence under rule 3.800(b). We are persuaded by the comments we have received that removing all limitations on the State’s right to file a motion to correct a sentencing error pursuant to rule 3.800(b) has the potential of causing needless confusion and litigation without providing concomitant benefits to the orderly administration of justice.
However, all those who have responded to the State’s motion for rehearing are in *1026 agreement that the State should have the right to file a rule 3.800(b) motion to correct a scrivener’s error, which occurs where there has been a clerical or ministerial error in the written sentence.[1] Accordingly, we amend the rule to include the State’s ability to seek correction of a scrivener’s error through a rule 3.800(b) motion.
As to the issue of applicability of rule 3.800(b) to capital cases, the CARA Committee, as well as the Florida Bar Criminal and Appellate Rules Committees, candidly admitted to not having discussed this issue when considering the amended rule. We note that prior to this recent amendment, capital cases were neither expressly included in nor expressly excluded from rule 3.800(b). In comparison, rule 3.800(c) explicitly states that this “subdivision of the rule shall not, however, be applicable to those cases in which the death sentence is imposed.”
The State opposes inclusion of capital cases in rule 3.800(b) given “the unique structure of capital cases and capital appeals.” The other comments received on this issue, admittedly on short notice, state that there are “pros” and “cons” to applying rule 3.800(b) in capital cases. Considering that neither the Committees nor this Court have been able to evaluate properly the pros or the cons of this issue, we have determined that at this time capital cases should be excluded from rule 3.800(b).
We note, however, that in many cases in which the death sentence is imposed, the punishment may also include written sentences for noncapital offenses arising out of the same criminal episode. It is not our intention to afford these defendants any lesser rights than noncapital defendants. However, because jurisdiction is vested in this Court in all capital appeals pursuant to article V, section 3(b)(1) of the Florida Constitution, this Court will be in the best position to balance the rights of these defendants to a lawful sentence for the non-capital offenses without causing any undue delay in the direct appeal of the sentence of death.
We have accordingly amended rule 3.800(b) to reflect the additional changes to set forth in the appendix to this opinion.
It is so ordered.
HARDING, C.J, and SHAW, WELLS, ANSTEAD, LEWIS and QUINCE, JJ„ concur.
*1027 NO MOTION FOR REHEARING WILL BE ALLOWED.

. Although the appellate courts have not defined the term scrivener’s error, the term appears to be commonly used to refer to clerical or ministerial mistakes in the written sentence that appear from the face of the record and deviate from the oral pronouncement. See, e.g., Allen v. State, 739 So.2d 166 (Fla. 3rd DCA 1999) (correcting a "scrivener's error” in the written order that adjudicated the appellant in contempt for "jailing polygraph exam”); Pressley v. State, 726 So.2d 403 (Fla. 2d DCA 1999) (correcting scrivener’s error in the sentencing documents that identified the defendant as a habitual offender when he was not sentenced as a habitual offender); Ricks v. State, 725 So.2d 1205 (Fla. 2d DCA 1999) (correcting scrivener's error that resulted from the written sentence not identifying the defendant as a habitual offender although the court had orally pronounced a habitual offender sentence), review denied, 732 So.2d 328 (Fla.1999); McKee v. State, 712 So.2d 837 (Fla. 2d DCA 1998) (remanding for the trial court to determine whether a scrivener’s error occurred where the written order of probation imposed six years’ probation, which conflicted with the written sentence and the trial court minutes that reflected only five years' probation had been imposed); Florczak v. State, 712 So.2d 467, 467 (Fla. 4th DCA 1998) (correcting a scrivener’s error in the judgment of conviction where the defendant was acquitted of grand theft but the written judgment stated otherwise); Stombaugh v. State, 704 So.2d 723, 725-26 (Fla. 5th DCA 1998) (finding a scrivener’s error occurred where the State had nol pressed a count of the information as part of plea bargain but the written sentence reflected that the defendant was sentenced under that count). But see Carridine v. State, 721 So.2d 818, 819 (Fla. 4th DCA 1998) (trial court’s failure to sign written reasons for imposing an upward departure sentence did not constitute a scrivener’s error that could be corrected nunc pro tunc by the trial court), and cases cited therein.