DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUDERS CROISSY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2901

[January 8, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael C. Heisey, Judge; L.T. Case No. 562020CF002020A.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Heidi L. Bettendorf, Senior Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence for unlawful use of a two-way communications device, trafficking between four and fourteen grams of fentanyl and between four and fourteen grams of heroin, and resisting an officer without violence. He argues the trial court erred in: (1) admitting evidence of the co-defendant's prior convictions; (2) denying his motion for judgment of acquittal; and (3) imposing his sentence. We affirm on issues one and two without comment. We reverse his sentence in part because the written sentence does not conform to the trial court's oral pronouncement.

The State charged the defendant with multiple crimes after an undercover officer bought drugs from him. The defendant and undercover officer had extensive communications setting up the transaction. The State presented audio and video evidence of the communications between the defendants and the undercover officer. The jury found the defendant guilty of the four charges noted above.

In this third issue, the defendant argues the trial court erred in its

written sentencing order because it did not conform to the trial court's oral pronouncement. The State agrees and so do we.

A scrivener's error is "a mistake in the written sentence that is at variance with the oral pronouncement of sentence or the record but not those errors that are the result of a judicial determination or error." Fla. R. Crim. P. 3.800 court cmt. Such an error occurs where the court says one thing at a sentencing hearing and the written sentence says another. *See, e.g., Ricks v. State*, 725 So. 2d 1205, 1205-06 (Fla. 2d DCA 1999) (correcting scrivener's error in a written sentence that did not identify the defendant as a habitual offender, although the court had orally pronounced a habitual offender sentence).

Here, the trial court pronounced: "$100 attorney fee, $50 application fee, $100 cost of prosecution, all fees and costs are reduced to judgment liens as there is no supervision to follow." The final judgment however did not mirror this pronouncement. Instead, the written sentencing order doubled the prosecution costs and contained a new $50 investigation fee. For this reason, we reverse the final judgment and remand the case for the trial court to correct the scrivener's errors to reflect the sentence orally pronounced.

*Affirmed in part; reversed in part.*

WARNER and GROSS, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

2