PER CURIAM.
Appellant, Willie Bisbee, appeals his conviction and sentence for sexual battery upon a person less than 12 years of age. Appellant contends that the trial court improperly excluded evidence of a prior molestation of the child victim, that the trial court abused its discretion when it ruled simultaneously that appellant could introduce the victim’s taped interview as impeachment evidence and the State could introduce (in rebuttal) the victim’s prior consistent statements, and that appellant was denied a fair trial due to prosecutorial misconduct. Finding reversible error on the first issue, we reverse the conviction.
Appellant was charged with one count of sexual battery upon a person less than 12 years of age. The alleged victim, R.B., is appellant’s daughter. At the time of the trial R.B. was 9 years old; she was 7 years old at the time of the alleged incident. She testified that she lived in Tallahassee and stayed with appellant on weekends. Because appellant did not have a home, they would stay in different homes or sleep in his car. According to R.B., one Friday night after church, appellant took her to his cousin’s trailer, but no one was home, so they waited in appellant’s car; while she slept on the front seat, she felt appellant remove her clothes, pick her up, and put his “private part” in her “private part.” She testified that she pretended to be asleep during the alleged contact. R.B.’s testimony was the only evidence of the alleged incident; there was no corroborating physical evidence. Appellant testified at trial and denied the allegations.
In a deposition approximately two months before the trial, R.B. completely recanted, stating that appellant had not molested her. When asked about her recanting (deposition) testimony at trial, R.B. explained that her deposition testimony was a lie.
The defense sought to introduce evidence of a prior sexual molestation committed upon R.B. (two years before the alleged incident herein) by a third party. Appellant argued that the evidence of the prior sexual molestation would show how and why a 7-year-old would have knowledge of sexual molestation, and specifically, that the evidence was relevant to explain the drawings[1] made by R.B., i.e., that the prior sexual molestation may have given her the ability to draw those pictures. Appellant further argued that the evidence was relevant because, due to R.B.’s age, the jury would likely view her as naive, innocent, and unable to imagine sexual activity. The court denied the admission of the prior sexual molestation evidence, ruling that it was not admissible because there was “a risk of confusing the issues and not developing anything helpful to [the defense.]”
Appellant argues on appeal that the trial court erred in excluding the evidence because it was relevant to the issue of R.B.’s credibility at trial and that the exclusion of the evidence denied appellant his constitutional right to a full and fair trial. The State contends that the trial court properly excluded evidence of the victim’s prior molestation because such evidence was irrelevant and should never be used to rebut the sexual innocence inference, and that there was no logical connection between R.B.’s status as a victim and her capacity to draw the pictures *995 of their respective “private parts.” We agree with appellant that the fact that the prior sexual molestation had occurred may have affected the jury’s evaluation of R.B.’s testimony. Due to R.B.’s tender years, the jury was likely to perceive her as naive and innocent and unable to imagine sexual activity in detail. See Hammond v. State, 660 So.2d 1152, 1157 (Fla. 2d DCA 1995)(finding that the trial court’s refusal to allow defendant to elicit testimony concerning the victims’ prior sexual knowledge was reversible error where sexual battery charges against defendant were grounded entirely upon the accusations of mentally challenged youngsters). As in Hammond, we cannot say that the fact that a prior sexual molestation occurred would not have affected the jury’s evaluation of R.B.’s testimony. Because the charge against appellant was grounded entirely upon R.B.’s accusation, it cannot be said that the failure to allow appellant to further explore the source of her sexual knowledge was harmless error. See id.
Because we reverse on the basis of the prior sexual molestation evidence, we do not reach the other issues raised by appellant. Accordingly, we reverse appellant’s conviction and sentence and remand for a new trial.
REVERSED and REMANDED with directions.
BARFIELD, C.J., DAVIS, J., and SHIVERS, DOUGLASS B., Senior Judge, concur.

. After R.B. reported the incident, the Child Protection Team conducted a "one-strike” interview where she drew three pictures which were introduced at trial without objection. R.B. identified the pictures at trial as the ones she drew and described one of them as being of her “private part,” and the others (both the same) of her "private part” and appellant’s "private part.”