PER CURIAM.
The Defendant appeals his conviction on two counts of sexual battery on a person aged 12 to 18 by a person in familial or custodial authority. He raises four issues, challenging the trial court’s denial of his motion to dismiss the information and three evidentiary rulings. Finding no merit to the Defendant’s arguments, we affirm.
The Defendant is the victim’s uncle by marriage. The victim resided with the Defendant and her aunt, during which time the Defendant, according to the evidence, sexually abused the victim repeatedly. This abuse culminated in the victim’s pregnancy. A DNA test was conducted comparing the victim’s baby’s DNA to that of the Defendant. The conclusion drawn from this test was that there was a 99.99 + % probability that the Defendant was the father of the victim’s baby. The Defendant was convicted upon testimony of the victim describing the incidents of sexual abuse and the results of the DNA test.
The Defendant’s defense was that his nephew, another adult male who lived in the house, sexually abused the victim and fathered her child. The nephew did not submit a DNA sample for comparison to the baby’s, and by the time of trial, the nephew had died. The Defendant sought to elicit testimony from the State’s geneticist expert as to whether he could exclude the nephew as a possible father of the victim’s child. The trial court sustained the State’s objection. The Defendant now argues that such testimony would have helped to cast doubt on the conclusion drawn from the DNA test that he fathered the victim’s baby (and thus sexually abused the victim).
Although the trial court sustained the State’s objection, the record shows that the geneticist essentially answered the question by explaining that because the nephew was not tested, there was no way of calculating the probability he was the father. The question could not have been answered any better than it was.
The Defendant also argues the trial court should have allowed testimony that the victim had once accused her mother’s live-in boyfriend of sexual abuse. The Defendant does not argue that this testimony was probative of some possible defense that the victim fabricated the charges in retaliation of an exercise of authority by a parent or guardian figure. Cf. Gutierrez v. State, 747 So.2d 429 (Fla. 4th DCA 1999). Rather, he argues that this testimony was relevant because it “would have established a basis for her sexual knowledge” and thus could have impacted the jury’s assessment of her credibility.
The Defendant relies upon cases in which the courts held that due to the victim’s age or mental capacity, the jury might perceive the victim as naive and thus should have been allowed to consider evidence that might help them evaluate the victim’s testimony of sexually explicit matters. See Bisbee v. State, 719 So.2d 993 (Fla. 1st DCA 1998); Hammond v. State, 660 So.2d 1152 (Fla. 2d DCA 1995). To contrast, here, the trial evidence showed the victim was thirteen at the time of the abuse. She became pregnant as a result of the abuse, so she had already reached puberty. Further, defense counsel elicited testimony from her that she had had sex education classes in school and knew enough about sex to understand what semen was and that a pre-pubescent boy *721 could not have caused her pregnancy. The Defendant cannot now argue that the only explanation for the victim’s knowledge of sex was some previous instance of sexual abuse. The trial court did not abuse its discretion in excluding this testimony.
The Defendant raises two other issues, which we affirm without comment. Finding no merit to the Defendant’s arguments, we affirm his convictions and sentence.
AFFIRMED.
GUNTHER and GROSS, JJ., concur.
FARMER, J., dissents with opinion.