975 So.2d 1264 (2008)
Arsense FREDERIC, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2262.
District Court of Appeal of Florida, Fourth District.
March 12, 2008.
Clayton R. Kaeiser, Miami Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
In sentencing appellant on two counts of sexual battery, the trial court relied on a scoresheet calculation which included points for sexual penetration. Appellant claims that the inclusion of these points violated the principle of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), in that the jury did not make an explicit finding of penetration. We affirm, concluding that the jury's finding that the defendant was guilty as charged was sufficient for the trial court to assess points for penetration.
On May 19, 1999, the appellant, Arsense Frederic, was convicted of two counts of sexual battery by a person standing in a position of familial or custodial authority. Appellant was the uncle of the victim. The victim testified at trial that the appellant engaged in vaginal sex with her on numerous occasions. She became pregnant, and when her aunt found out, the *1265 police were ultimately contacted. A DNA test was administered when the baby was born. The state charged the appellant with two counts of sexual battery with the victim "by causing his penis to penetrate or unite with the vagina [of the victim]." At trial a population geneticist testified that the probability that the defendant was the father of the victim's baby was 99.9+%. The jury found the appellant guilty as charged.
At sentencing the trial court included points for sexual penetration on his scoresheet. He was sentenced on July 19, 1999. Three weeks earlier, the United States Supreme Court decided and published Apprendi. Neither at his sentencing nor on appeal did appellant raise a claim that, pursuant to Apprendi, points for penetration should not have been included in the scoresheet, because the jury had not made an express finding of penetration.
Appellant appealed his conviction and sentence to this court. We affirmed both his conviction and sentence. Frederic v. State, 770 So.2d 719 (Fla. 4th DCA 2000). Appellant then moved to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court granted the motion, finding that the appellant was entitled to be resentenced under the 1994 guidelines, pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The court also permitted him to bring an Apprendi and Blakely challenge to the sentencing factors on resentencing.
When the court resentenced him in 2007 to sixteen years in prison for each count, a sentence at the top of the guidelines, the court specifically rejected the application of Apprendi, because it found that it would be retroactively applied. However, even if it did apply, the court determined that a finding of penetration was inherent in the original verdict. From this order, this appeal is taken.
The trial court erred in deciding that Apprendi and Blakely did not apply to appellant's resentencing. Appellant was sentenced after Apprendi was decided. Our supreme court has determined that "[w]hen the United States Supreme Court or this Court renders a decision favorable to criminal defendants, . . . [w]e have held that such decisions apply in all cases to convictions that are not yet finalthat is convictions for which an appellate court mandate has not yet issued." Hughes v. State, 901 So.2d 837, 839 (Fla. 2005) (emphasis added) (citing Smith v. State, 598 So.2d 1063, 1066 (Fla.1992)). As appellant's case was not yet final when Apprendi was decided, Apprendi applies, as clarified by Blakely. Thus, a motion for postconviction relief to correct an illegal sentence would have properly brought the Apprendi issue before the court. See Galindez v. State, 955 So.2d 517 (Fla. 2007).
Although Apprendi and Blakely apply, we agree with the trial court that they do not require resentencing. Appellant claims that the jury did not find penetration, because he was charged with penetration or union with the vagina of the victim. Galindez teaches us, however, that an Apprendi error is subject to a harmless error analysis. The task of the court is to determine "whether the failure to have the jury make the victim injury finding . . . contributed to the conviction or sentence-in other words, whether the record demonstrates beyond a reasonable doubt that a rational jury would have found penetration." Id. at 523. In this case, the evidence showed a 99.9+% certainty that the appellant was the father of the victim's child. The victim herself also testified to multiple penetrations by the appellant. In light of this testimony by the victim as well as the DNA evidence, we conclude that the record shows beyond a *1266 reasonable doubt that a rational jury would have found penetration.
The appellant suggests that he offered an alternative explanation that his nephew impregnated the victim, negating his fatherhood of the victim's child and the objective evidence of penetration. Therefore, the jury could have found "union" with the vagina of the victim and not penetration. As explained in our prior opinion, the trial court sustained the state's objection to the defense questioning the population geneticist as to whether he could exclude the nephew as a possible father for the child. Frederic, 770 So.2d at 720. In our opinion we affirmed the trial court on that issue, finding that the question could not be answered because, without DNA testing of the now-deceased nephew, the probability that he was the father could not be calculated. Id. Thus, from the evidence that the jury heard, the inescapable conclusion was that the appellant was the father, and a rational jury would have found penetration.
Because any Apprendi error was harmless, we affirm the trial court's order denying the motion to correct appellant's sentence.
STONE and GROSS, JJ., concur.